UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:19 cv 1530 CAS (KKx) | Date | December 23, 2019 |
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS (Dkt. [ 13 ], filed October 8, 2019)

## I. INTRODUCTION

Plaintiff Lever Your Business, Inc. ("LYB") filed this action against defendant Sacred Hoops & Hardwood, Inc. ("Sacred Hoops") on August 15, 2019. Dkt. 1 ("Compl."). LYB asserts claims for breach of contract, unfair competition, and conversion. See id. According to LYB, Sacred Hoops breached an agreement between the parties restricting the resale price of goods that Sacred Hoops buys from LYB, refused to pay for or return goods that it purchased from LYB, and engaged in unfair competition by holding LYB responsible for its nonpayment. Id.

On October 8, 2019, Sacred Hoops filed a motion to dismiss. Dkt. 13 ("Motion"). On October 28, 2019, LYB filed an opposition. Dkt. 18 ("Opp."). Sacred Hoops filed a reply on November 4, 2019. Dkt. 19 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff LYB is a California corporation with its principal place of business in California. Compl. ¶ 1. LYB "distribut[es] Italian based clothing, accessory, and life style brand to companies (sellers) throughout the United States." Id. ¶ 6. LYB manages distribution for Hey Dude, an Italian-based shoe company. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

Defendant Sacred Hoops is a South Dakota corporation with its principal place of business in South Dakota. Compl. ¶ 1; Motion at 4. Sacred Hoops does business as Top 10 Sports and sells shoes, socks, and related accessories on its website and on Amazon.com to consumers. Compl. ¶¶ 2–3; Motion at 3.

In February 2017, plaintiff and defendant entered into the Minimum Advertising Pricing Policy ("MAP Agreement"). Compl. at 7. The MAP Agreement provides, in relevant part, that defendant, as a dealer, was required to advertise Hey Dude products at or above a minimum advertised price set by the MSRP in Hey Dude's catalog and order form. Id. ¶ 8. The MAP Agreement also required that defendant receive written authorization from Hey Dude before selling Hey Dude products to a non-consumer third party. Id.

Plaintiff alleges that, beginning in May 2018, defendant ordered and received more than $116,000 in Hey Dude inventory. Compl. ¶ 10. Plaintiff further alleges that defendant did not object to or return any of the inventory, give notice that any of the inventory was defective or not in compliance with the order, and refused to pay for the inventory. Id. Plaintiff contends that it has attempted to collect the outstanding balance and that defendant continues to refuse to pay the outstanding invoices. Id. ¶ 11. Defendant contends, allegedly, that its obligations to pay the outstanding Hey Dude invoices are relieved or offset because plaintiff caused defendant to lose profits and sales. Id. ¶ 12.

Finally, plaintiff contends that, in 2018, defendant violated the MAP Agreement by advertising Hey Dude products below the minimum required price and by selling Hey Dude products on unauthorized websites, including Walmart.com. Compl. ¶¶ 13–14.[1]

### III. LEGAL STANDARD

#### A. Rule 12(b)(2)

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of establishing that

---

[1] Where, as here, the parties introduce conflicting affidavits, the Court resolves conflicts in the plaintiff's favor. See Am. Tel & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588–89 (9th Cir. 1996). The Court denies as moot plaintiff's evidentiary objections to the Declaration of Body Bertram, dkt. 13-1, because the Court does not rely on the declaration in deciding the motion. Dkt. 18-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). The plaintiff cannot simply rely on the "bare allegations" of its complaint; however, uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154–55. "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto, 539 F.3d at 1015. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 801 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

### 1. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting International Shoe, 326 U.S. at 317). A corporation's place of incorporation and principal place of business are the paradigmatic bases for general jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Otherwise, "[t]he standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" King v. Am. Family Mut. Ins. Co., 632 F.3d 570, 579 (9th Cir. 2011) (quoting International Shoe, 326 U.S. at 318). The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011).

### 2. Specific Jurisdiction

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

(2) The claim must arise out of or result from the defendant's forum-related activities; and

(3) Exercise of jurisdiction must be reasonable and comport with standards of fair play and substantial justice.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

In contracts cases, courts conduct a "purposeful availment" analysis to determine the first prong of the specific jurisdiction test. Id. Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction," a court must evaluate four factors to determine whether purposeful availment has occurred: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, and (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478–79. A single contract for the sale of goods to a plaintiff in the forum state may be sufficient for specific jurisdiction over a defendant, but only where the contract creates a "substantial connection" with the forum state. Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008). "The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction," without more. Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |
If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth, 942 F.2d at 623.

**B.    Rule 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Personal Jurisdiction

Defendant moves to dismiss the complaint on the grounds that the Court cannot exercise personal jurisdiction over it. The parties agree that, because defendant is a South Dakota corporation with its principal place of business in South Dakota, it is not "at home" in California such that there is no basis for general personal jurisdiction in this Court. The parties' dispute concerns the application of specific personal jurisdiction.

Defendant contends that plaintiff has failed to allege a sufficient connection between defendant's conduct and California so as to give rise to the Court's exercise of specific personal jurisdiction. Id. at 6–7. Plaintiff responds that defendant's decisions to "enter into a contract with a California company; purchase goods from California, send payment to California for such goods; sale such goods to customers, including some in California; and make representations to the California company" are sufficient to establish specific jurisdiction in this Court. Opp. at 8. The Court addresses these arguments as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

### 1. Purposeful Availment

The first prong of the specific jurisdiction analysis requires that a non-resident defendant "purposefully avail [itself] of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 741–42 (9th Cir. 2013) (internal citation omitted). For a case sounding in contract, "[a] showing that a defendant purposefully availed [itself] . . . typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802. While "'[a] contract alone does not automatically establish minimum contacts in the plaintiff's home forum,' . . . [courts] consider 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015) (quoting Burger King, 471 U.S. at 475; Boschetto, 539 F.3d at 1017).

Plaintiff offers evidence demonstrating that, notwithstanding defendant's South Dakota citizenship, defendant has purposefully availed itself of the privileges of this forum. For example, plaintiff alleges: that defendant requested to sell the Hey Dude shoe line; that defendant signed the MAP Agreement, which governed the advertising and selling of Hey Dude shoes; that defendant made twenty-three orders for Hey Dude shoes after signing the MAP Agreement; that invoices for defendant's orders were sent from California to South Dakota; that defendant made payments by check to California for the orders; that defendant's orders were shipped from California to South Dakota; and that defendant negotiated with plaintiff on multiple occasions for permission to sell Hey Dude shoes on Amazon. Compl. ¶¶ 7, 10; dkt. 18-1 Declaration of Danielle Guidi ¶¶ 6–15; Opp. at 9.

Accordingly, the Court finds that plaintiff has made an adequate showing under the purposeful availment prong sufficient to support the Court's exercise of specific personal jurisdiction.

### 2. Forum Related Activities

The second prong of the specific personal jurisdiction analysis requires that plaintiff's claims arise out of, or relate to, defendant's forum-related activities. Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal citation omitted). The Ninth Circuit applies a "but for" test to determine whether claims relate to forum-related activities. Monster Energy Co. v. Vital Pharm., Inc., No. 5:18-CV-01882-JGB-SHK, 2019 WL 2619666, at *7 (C.D. Cal. May 20, 2019) (citing Ballard v. Savage, 65 F.3d 1495, 1500

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

(9th Cir. 1995)). Under this test, the question is: but for defendant's conduct in California, would plaintiff's claims have arisen? Defendant contends that plaintiff cannot make the required showing because "defendant's only tie to California is the contract between plaintiff and defendant." Reply at 4.

Plaintiff presents a causal chain sufficient to establish a nexus between their claims and defendant's forum-state contacts. The claims arise from defendant entering into the MAP Agreement with plaintiff, a California corporation, and its alleged actions of selling and advertising Hey Dude shoes at a price lower than required by the MAP Agreement. See Dual Lock Partition Systs., Inc. v. Ridgeview Glass Inc., 877 F. Supp. 1432, 1437 (D. Or. 1995) (finding that a dispute arose in Oregon where the defendant breached a contract for the sale of goods to be shipped from plaintiff in Oregon to defendant in Maryland).

Plaintiff makes a prima facie showing that its claims would not have arisen had defendant not formed the MAP Agreement in California, or placed twenty-three orders for Hey Dude shoes to be shipped from California. Therefore, the Court finds that there is "an affiliation between the forum and the underlying controversy" sufficient to allow the Court to exercise specific personal jurisdiction over Sacred Hoops. Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1780 (2017).

### 3. Reasonableness

Because Plaintiff has established the first two prongs regarding purposeful availment and the defendant's forum-related activities, to defeat jurisdiction, the defendant must "present a compelling case" that the exercise of specific jurisdiction would not be reasonable or "comport with fair play and substantial justice." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). Whether or not the exercise of specific personal jurisdiction is fair or reasonable turns on the balancing of seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth, 942 F.2d at 623.

The Court concludes that specific jurisdiction in the Central District is reasonable.[2] Defendant has established numerous contacts with the forum district, several witnesses and

---

[2] Defendant does not address the reasonableness factors in its motion. See Motion at 5–7. In its reply, defendant simply argues that it would be unreasonable for the Court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

considerable evidence is located in Southern California, and there is not sufficient evidence that litigating the matter in this Court, as opposed to a forum outside of California, would impose any considerable burden on the defendant.

Taken together, the applicable factors demonstrate that the exercise of personal jurisdiction over defendant is reasonable in light of the extent to which defendant has injected itself into the forum. Therefore, the exercise of personal jurisdiction over defendant with respect to plaintiffs' claims is proper under the Due Process Clause, and defendant's motion to dismiss for lack of personal jurisdiction is **DENIED**.

### B. Failure to State a Claim

#### 1. Conversion

Plaintiff's first claim for relief is a claim for conversion. Compl. ¶¶ 29–35. The gravamen of plaintiff's claim is that "Defendant . . . has refused to pay for a significant portion of the Hey Dude shoes it has ordered and received from LYB." Id. ¶ 10. California law recognizes "the tort of conversion . . . as the wrongful exercise of dominion over personal property of another." Voris v. Lampert, 7 Cal. 5th 1141, 1150 (2019) (internal citation and quotation mark omitted). To establish a claim for conversion, a plaintiff must establish the following elements: "(a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages." Id. (internal citations and quotation marks omitted). "A mere contractual right to payment does not entitle the plaintiff to seek immediate possession as a cause of action for the tort of conversion." Vestis, LLC v. Caramel Sales, Ltd., No. 8:18-CV-02257-DOC (KES), 2019 WL 3312212, at *8 (C.D. Cal. Apr. 30, 2019) (quoting In re Bailey, 197 F.3d 997, 1000 (9th Cir. 1999)).

Defendant argues that plaintiff's claim is barred by the economic loss rule. "The economic loss rule [states] that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." JMP Securities LLP v. Altair Nanotechnologies, Inc., 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012); see also Robinson Helicopter Co., Inc. v. Dana

---

exercise personal jurisdiction in this case because "the only connection . . . between Defendant and the forum [] is that a contract exists . . . between Plaintiff . . . and Defendant." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

Corp., 34 Cal. 4th 979, 988 (2004) ("The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise."). The California Supreme Court has explained that the purpose of this rule is to maintain a distinction between tort law and contract law. See Robinson Helicopter, 34 Cal. 4th at 988 ("Quite simply, the economic loss rule "prevent[s] the law of contract and the law of tort from dissolving one into the other.") (citations omitted); see also Giles v. General Motors Acceptance Corp., 494 F.3d 865, 873 (9th Cir. 2007) ("Broadly speaking, the economic loss doctrine is designed to maintain a distinction between damage remedies for breach of contract and for tort."). Accordingly, "[t]he [economic loss] rule generally bars tort claims based on contract breaches, 'thereby limiting contracting parties to contract damages.'" UMG Recordings, Inc. v. Global Eagle Entm't, Inc., 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) (citing United Guar. Mortg. Indem. Co. v. Countrywide Financial Corp., 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009)).

Courts grant motions to dismiss based on the economic loss rule when no harm has been alleged other than a broken contractual promise. See Correia v. Johnson & Johnson Co., No. 2:18-CV-09918-PSG-AS, 2019 WL 2120967, at *5 (C.D. Cal. May 9, 2019) (finding a conversion claim "barred by California's economic loss rule"); Zhejiang Crafab Elec. Co. v. Advantage Mfg., Inc., No. 8:17-CV-02268-JVS-JPR, 2018 WL 6177952, *5 (C.D. Cal. Apr. 23, 2018) (dismissing a conversion claim arising "from the same alleged conduct that [gave] rise to its cause of action for breach of contract"); Pollock v. Vanguard Grp, Inc., No. 2:16-CV-06482-JLS-JCG2017 WL 4786007, at *3–4 (C.D. Cal. Aug. 21, 2017) (dismissing a conversion claim where "there [was] no evidence that [plaintiff] suffered any harm 'above and beyond a broken contractual promise'"); Baggett v. Hewlett-Packard Co., 8:07-CV-00667-AG-RNB, 2009 WL 3178066, at *2–3 (C.D. Cal. Sep. 29, 2009) (dismissing a conversion claim "aris[ing] solely out of their contract").

Here, plaintiff's conversion claim does not allege harm other than a broken contractual promise. Plaintiff alleges that "Defendant . . . intentionally and substantially interfered with the Hey Dude shoe inventory by ordering it, taking delivery and not paying for it." Compl. ¶ 31. As a result, plaintiff contends that it "has suffered damages and harm in an amount to be proven at trial." Compl. ¶ 34. Plaintiff's alleged damages—the value of the Hey Dude shoes that defendant allegedly has not paid for—thus arises solely out of a contractual agreement, and the economic loss rule applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

Plaintiff cites <u>Textainer Equip. Mgmt. (U.S.) Ltd. v. TRS Inc.</u>, 3:07-CV-01519-WHA, 2007 WL 1795695 (N.D. Cal. June 20, 2007) for the proposition that the economic loss rule should not apply. Opp. at 17–18. In <u>Textainer,</u> the plaintiff and defendants were parties to a contract under which the plaintiff leased shipping containers to the defendants. 2007 WL 1795695 at *1. A few years into the leasing agreement, the defendants told the plaintiff that some of the containers had been lost, but the defendants had actually sold the containers. <u>Id.</u> The defendants later defaulted on the lease, and when the plaintiff demanded the containers or the amount owed under the lease agreement, the defendant refused. <u>Id.</u> The defendants filed a motion to dismiss, arguing that the plaintiff could not "plead a claim for conversion where the relationship [was] governed by a contract." <u>Id.</u> at *3. The court held that although part of the plaintiff's claims arose under the lease agreement, the defendants "had an independent duty not to misappropriate the containers" and the plaintiff "had no reason to . . . believe that defendants would sell the containers and then conceal their actions." <u>Id.</u> The defendants had converted the containers by selling them without the plaintiff's permission. <u>See id.</u>

The case here is unlike <u>Textainer</u> since there is no allegation that defendant breached any cognizable "independent duty" to plaintiff. Sacred Hoops' alleged failure to remit payment for shoes it purchased from LYB pursuant to the MAP agreement is not "interference" with LYB's shoe inventory but an alleged failure to perform a contractual obligation. LYB cannot transform that fundamental contract claim into tort claim by alleging that Sacred Hoops also has an independent duty not to "manufacture" reasons for not performing the contract. Whether or not Sacred Hoops' reasons for not performing are valid, that is a dispute about the merits of its contract defense—i.e., whether the breach was excused—not the basis for an independent tort claim.

Because plaintiff does not show that defendant's alleged actions caused harm by violating a duty to plaintiff other than through an alleged breach of contract, the economic loss rule applies. Accordingly, the Court **GRANTS** the motion to dismiss plaintiff's conversion claim.

    2.    **Unfair Competition**

The UCL prohibits "any unlawful, unfair or fraudulent business practice." Cal. Bus. & Prof. Code § 17200. "Because Business & Professions Code § 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." <u>Hodsdon v. Mars, Inc.</u>, 891 F.3d 857, 865 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

2018) (citing <u>Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.</u>, 20 Cal.4th 163, 181 (1999)). Here, plaintiff asserts a UCL claim pursuant to the unfair and unlawful prongs. <u>See</u> Compl. ¶ 24 ("Defendant['s] . . . conduct as alleged in this Complaint constituted unlawful or unfair business act(s) or practice(s) . . . .").

### i. Unlawful Prong

The UCL's unlawful prong "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." <u>Farmers Ins. Exch. v. Super. Ct.</u>, 2 Cal. 4th 377, 383 (1992). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim" under the unlawful prong. <u>Plascencia v. Lending 1st Mortgage</u>, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). However, "a common law violation such as breach of contract is insufficient . . . to state a claim under the unlawful prong of § 17200." <u>Shroyer v. New Cingular Wireless Servs., Inc.</u>, 622 F.3d 1035, 1044 (9th Cir. 2010).

Here, plaintiff predicates its unlawful prong claim on defendants' alleged conversion. At the outset, the Court observes that district courts within the Ninth Circuit have expressed skepticism regarding whether a conversion claim may serve as the basis for a UCL claim based on the unlawful prong. <u>Slaieh v. Simons</u>, No. 5:17-CV-01404-AB, 584 B.R. 28, 42 (C.D. Cal. 2018) ("[A]llegations . . . based on common law violations [including conversion] are insufficient to support a finding of unlawfulness . . . ."); <u>Imperial Irrigation Dist. v. Cal. Indep. Sys. Operator Corp.</u>, No. 3:15-CV-01576-AJB-AGS, 2016 WL 4087302 (S.D. Cal. Aug. 1, 2016) ("While [plainitff] has sufficiently alleged its conversion, . . . 'common law violation[s] . . . [are] insufficient' to serve as predicates for an unlawful UCL claim.")

But even assuming that plaintiff's conversion claim could serve as the basis for a UCL claim pursuant to the unlawful prong, because the Court dismisses the conversion claim, it cannot constitute a basis for a UCL unlawful prong claim. Accordingly, defendant's motion to dismiss plaintiff's UCL claim under the unlawful prong is **GRANTED**.

### ii. Unfair Prong

The complaint also asserts a claim against defendant based on the UCL's unfair prong. Compl. ¶ 23. "[U]nder section 17200, a practice may be deemed unfair even if not specifically proscribed by some other law." <u>Korea Supply Co. v. Lockheed Martin Corp.</u>,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

29 Cal. 4th 1134, 1143 (2003) (internal citation and quotation marks omitted). "'Unfair' is not clearly defined under the UCL." Microsoft Corp. v. My Choice Software, LLC, No. 8:16-cv-162187-DOC-KES, 2017 WL 5643210, at *8 (C.D. Cal. Oct. 10, 2017). "There is authority that the test to determine whether a business practice is unfair differs depending on whether the plaintiff in a UCL case is a competitor of the defendant or a consumer." Drum v. San Fernando Valley Bar Assn., 182 Cal. App. 4th 247, 253 (2010).

The California Supreme Court has held that, in a competitor case, "unfair" for the purposes of the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, Inc., 20 Cal. 4th at 187. The Supreme Court cautioned that its holding in Cel-Tech "involves an action by a competitor alleging anticompetitive practices," that the Court's "discussion and this test are limited to that context," and that "[n]othing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law." Cel-Tech, 20 Cal. 4th at 187 n. 12.

"California appellate courts disagree on how to define an 'unfair' act or practice in the context of a UCL consumer action." Rubio v. Capital One Bank, 613 F.3d 1195, 1204 (9th Cir. 2010). First, some courts have applied the Cel-Tech test in UCL consumer cases. See, e.g., Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1366 (2010) (listing cases). Other courts have applied the "tethering test" which "requires that the public policy which is a predicate to a consumer unfair competition action must be tethered to specific constitutional, statutory, or regulatory provisions." Microsoft Corp., 2017 WL 5643210, at *8. Still, other courts have applied the "balancing test," which "asks whether the alleged practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." Id. Finally, some courts have "drawn on the definition of 'unfair' in Section 5 of the Federal Trade Commission Act," requiring that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." Drum, 182 Cal. App. 4th at 257 (internal citation omitted).

Regardless of which standard applies here, plaintiff's allegations do not state a UCL claim based on any competitor or consumer test that California courts have used to determine whether conduct is "unfair." The sole allegations in the complaint that relate to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1530-CAS (KK) | Date | December 23, 2019 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS, INC. v. SACRED HOOPS & HARDWOOD, INC. | | |

plaintiff's UCL claim based on the unfair prong are that (1) defendant's "unlawful, unfair or fraudulent business acts or practices have yielded it an unfair competitive advantage;" (2) defendant "caused damage to Plaintiff LYB;" and (3) "[u]nless restrained, Defendant . . . is likely to continue to engage in the unlawful or unfair business acts or practices . . . ." Compl. ¶¶ 25–27. None of these conclusory allegations state, for instance, that defendant's conduct "threaten[ed] an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws . . . or otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, Inc., 20 Cal. 4th at 187." Neither did plaintiff allege a "public policy which is a predicate to a consumer unfair competition action" that is "tethered to specific constitutional, statutory, or regulatory provisions," nor a "practice [that] is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Microsoft Corp., 2017 WL 5643210, at *8. Plaintiff also did not allege any specific consumer injury. See Drum, 182 Cal. App. 4th at 257. Accordingly, defendant's motion to dismiss plaintiff's UCL claim under the unfair prong is **GRANTED**.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS**, in part, and **DENIES**, in part, defendant's motion to dismiss. The Court **DENIES** defendant's motion to dismiss on the basis of personal jurisdiction. However, the Court **GRANTS** defendant's motion to dismiss the conversion claim, and **DISMISSES** plaintiff's conversion claim **without prejudice**. The Court also **GRANTS** defendant's motion to dismiss the UCL claim, and **DISMISSES** that claim **without prejudice**. The plaintiff shall file an amended complaint within **thirty (30) days**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |