UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Christopher Walters | Bonnie Stokes | |

**Proceedings:**    TELEPHONE HEARING ON MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS (Dkt. [ 34 ], filed April 2, 2020)

## I. INTRODUCTION

Plaintiff Lever Your Business, Inc. ("LYB") filed this action against defendant Sacred Hoops & Hardwood, Inc. ("Sacred Hoops") on August 15, 2019. Dkt. 1. The gravamen of LYB's claims is that Sacred Hoops advertised LYB's products for resale at unauthorized prices and on unauthorized websites. Id. Sacred Hoops filed a motion to dismiss Lever Your Business' complaint on October 18, 2019, which the Court granted in part and denied in part on December 23, 2019. Dkts. 13, 23.

Sacred Hoops filed its operative first amended answer and countercomplaint on March 20, 2020. Dkt. 32 ("FAC"). The FAC asserts the following counterclaims against LYB: (1) breach of contract; (2) breach of implied contract; (3) and breach of the implied covenant of good faith and fair dealing. See generally id. LYB filed a motion to dismiss the FAC on April 2, 2020. Dkt. 34 ("Mot."). Sacred Hoops filed an opposition on April 16, 2020. Dkt. 38 ("Opp."). LYB filed a reply on April 23, 2020. Dkt. 39 ("Reply").

The Court held a hearing on May 11, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Sacred Hoops "is in the business of . . . purchasing shoes and reselling them for a profit over the internet . . . on its own website and on Amazon.com." FAC ¶ 7. Sacred Hoops alleges that on February 2, 2017, it entered into a "Hey Dude Minimum Advertised Pricing Policy Contract" with LYB, a shoe manufacturer, relating to LYB's "Hey Dude"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

brand of shoes. Id. ¶¶ 7–8. According to Sacred Hoops, the contract includes a number of express terms including: (1) a "MAP Policy" providing that "Dealers may advertise Hey Dude products at or above the Minimum Advertised Price" which "is equal to the MSRP displayed in our catalog and order form"; (2) a requirement that a "dealer who advertises bundles of products, which includes Hey Dude products, must advertise the price or value of Hey Dude products at or above the MAP"; and (3) a provision indicating that "[a]dvertising that does not mention the MAP or higher price[s] violates the MAP policy." FAC ¶ 11. Sacred Hoops further avers that the contract imposed a number of implied terms, including that "LYB would . . . require other dealers of Hey Dude shoes" to comply with the MAP policy and that "LYB would aggressively enforce the MAP policy against other dealers in order to ensure that the Policy Objectives identified in the Contract were met." Id. ¶ 13.

Sacred Hoops alleges that in May 2018, its "Sales of Hey Dude merchandise began to falter significantly." FAC ¶ 14. Moreover, "Sacred Hoops is in the practice of checking its listings of Hey Dude products in the marketplace on a daily basis and documenting violators of the MAP policy. In October 2018, Sacred Hoops contacted LYB to inform LYB of the existence of at least 7 MAP policy violators constituting a staggering 7 of the then 15 dealers." Id. ¶ 15. Despite Sacred Hoops' reporting of these violators to LYB, "LYB failed to take action against those dealers in violation of the MAP policy." Id. ¶ 16. According to Sacred Hoops, then, it "did not receive the benefit of its agreements with LYB, since, being in substantial compliance with its agreements with LYB, including compliance with the MAP policy, Sacred Hoops became unable to compete with other dealers of Hey Dude products in the marketplace." Id. ¶ 17. In light of LYB's selective enforcement of its MAP policy, "Sacred Hoops requested that LYB agree to accept a return of the unsold merchandise, which Sacred Hoops was unable to sell due to LYB's breaches of its agreements with Sacred Hoops[.]" Id. ¶ 18. However, "LYB has and continues to refuse to accept a return of the Hey Dude merchandise, which is now essentially useless to Sacred Hoops." Id.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV. DISCUSSION**

    **A. Breach of Contract Claim**

Sacred Hoops asserts a claim for breach of contract against LYB. See FAC ¶¶ 19–23. The gravamen of Sacred Hoop's breach of contract claim is that its contract with LYB "requires that Sacred Hoops not sell its products below the minimum advertised price set

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

by LYB as required by the MAP policy" but that "[o]n various occasions, LYB breached the [c]ontract by permitting various others to sell the same Hey Dude Products that had sold to the Sacred Hoops at a price point that violated the MAP policy[.]" FAC ¶¶ 20–21. California law requires that a plaintiff asserting a claim for breach of contract plead: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). LYB contends that Sacred Hoops fails to plead facts that satisfy the second and third elements of a breach of contract claim.

1. **Sacred Hoops' Performance**

LYB argues that Sacred Hoops' breach of contract claim fails because the FAC does not allege that Sacred Hoops performed its obligations under the contract. Mot. at 5. In support of this argument, Sacred Hoops points to two alleged deficiencies in the FAC.

First, LYB asserts that Sacred Hoops' breach of contract claim fails because, according to LYB, Sacred Hoops does not specifically "allege that it was not in breach of the contract at the time that it alleges LYB breached the contract." Mot. at 5. But, as LYB concedes, Sacred Hoops' subsequent claims for breach of implied contract and breach of the implied covenant of good faith and fair dealing include allegations that Sacred Hoops fully performed its obligations. See FAC ¶ 28 ("Sacred Hoops fully performed its obligations under the implied contracts with LYB."); see also id. ¶ 33 ("Sacred Hoops performed its obligations under the agreements, or to the extent of nonperformance, its performance was waived or excused."). While the allegations which literally fall under the FAC's heading for "Breach of Contract" do not include an allegation that Sacred Hoops fully performed its obligation under the contract that it alleges LYB breached, see FAC ¶¶ 19–23, the Court declines to dismiss Sacred Hoops' breach of contract claim on this hyper technical basis given that the FAC elsewhere alleges that Sacred Hoops' fully performed its obligations under the relevant contract. See Alba v. City of Barstow, No. 5:18-cv-02087-JGB-SHK, 2019 WL 6703426, at *3 (C.D. Cal. Oct. 30, 2019) (rejecting defendants' argument that "because the allegations regarding this policy are not listed under the headings for Claims One, Two, and Four, the Court should not consider the allegations when assessing the adequacy of those claims" as a "technicality: that the allegations are not in the correct location" and determining that "[t]he Court . . . will interpret the SAC liberally and consider all factual allegations when testing the adequacy of the claims, even when those allegations are not included directly under each claim heading.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

Second, LYB contends that Sacred Hoops' breach of contract claim fails because the FAC's own allegations make clear "that Sacred Hoops did not comply with the terms of the contract." Mot. at 5. That is because the contract, which Sacred Hoops attaches as an exhibit to the FAC, provides that "**Dealer is not permitted to sell on Amazon or eBay websites or platforms without written authorization from a HEYDUDE executive.**" Dkt. 32, Exh. A ("Agmt.") (emphasis in original). Despite this contractual provision, the FAC alleges that "Sacred Hoops is in the business of . . . purchasing shoes and reselling them for a profit over the internet. Specifically, on its own website *and on Amazon.com*. The particular variety of shoes in dispute is a product produced by LYB called 'Hey Dude' shoes." FAC ¶ 7 (emphasis added). While this allegation indicates that, as a general matter, Sacred Hoops is engaged in the reselling of shoes on websites including Amazon.com, this allegation does not necessarily establish that Sacred Hoops sold *LYB's "Hey Dude" shoes* on Amazon.com so as to breach the parties' contract. See Halliwell v. A-T Sols., 983 F. Supp. 2d 1179, 1182 (S.D. Cal. 2013) ("In deciding a motion to dismiss, *the court draws all reasonable inferences* in favor of the nonmoving party.") (emphasis added).

   2.   **LYB's Alleged Breach**

Sacred Hoops alleges that "LYB breached the Contract by permitting various others to sell the same Hey Dude Products that they had sold to [Sacred Hoops] at a price point that violated the MAP policy[.]" FAC ¶ 21. According to Sacred Hoops, "the Contract . . . requires [that] *all dealers* advertise Hey Dude products at or above the MAP." Opp. at 4 (emphasis in original).

The contract provides that "[d]ealers may advertise Hey Dude products at or above the Minimum Advertised Price" and that "[a] dealer who advertises bundles of products, which includes Hey Dude products, must advertise the price or value of Hey Dude products at or above the MAP." See Agmt. While this language appears to impose on dealers, like Sacred Hoops, an obligation to sell LYB's Hey Dude products at or above the MAP price, it does not follow that this language imposes on LYB an obligation to police other sellers which Sacred Hoops may enforce pursuant to a bilateral contract between Sacred Hoops and LYB. See Marzec v. California Pub. Employees Ret. Sys., 236 Cal. App. 4th 889, 909 (2015) ("When reviewing whether a plaintiff has properly stated a cause of action for breach of contract, we must determine whether the alleged agreement is '*reasonably susceptible*' to the meaning ascribed to it in the complaint.") (emphasis added) (internal citation omitted). To the contrary, the agreement makes clear that "[t]he MAP Policy applies only to *the dealer's* advertised prices. *Hey Dude may at its own discretion*, stop

Case 5:19-cv-01530-CAS-KK   Document 41   Filed 05/11/20   Page 6 of 11   Page ID #:253

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

supplying product to any Dealer found to be in violation of the MAP Policy." Agmt. (emphases added).

The gravamen of Sacred Hoops' breach of contract claim is that "LYB enforced the Contract and the MAP policy against Sacred Hoops vigorously" but failed to do so against other dealers of Hey Dude shoes. Because the contract does not appear to be reasonably susceptible to an interpretation that would allow Sacred Hoops to enforce an obligation on LYB to police the sales and advertising practices of other dealers, Sacred Hoops fails to allege that LYB breached any provision of the contract at issue in this case. Accordingly, the Court **DISMISSES** Sacred Hoops' breach of contract claim **without prejudice**.

### B.     Breach of Implied Contract Claim

Sacred Hoops also asserts a claim for breach of an implied contract against LYB. See FAC ¶¶ 24–30. According to Sacred Hoops, "LYB solicited and invited Sacred Hoops to enter into the Contract, which included the MAP policy. When Sacred Hoops entered into the Contract, which included the MAP policy, and when Sacred Hoops purchased Hey Dude products manufactured by LYB, each purchase was made pursuant to the mutually agreed-upon implied contract with LYB under which LYB agreed to enforce the MAP policy against other dealers reselling Hey Dude products in the marketplace." Id. ¶¶ 25–26. Sacred Hoops further avers that it "would not have entered into the Contract or agreed to the MAP policy in the absence of the implied contract between Sacred Hoops and LYB." Id. ¶ 27.

Pursuant to California law, a "contract is either express or implied." Retired Employees Assn. of Orange Cty., Inc. v. Cty. of Orange, 52 Cal. 4th 1171, 1178 (2011) (citing Cal. Civ. Code § 1619). "The elements of stating a claim for breach of an express or implied contract are the same." T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc., 83 F. Supp. 3d 855, 872 (N.D. Cal. 2015) (internal citation omitted). "The difference is that the existence and terms of an express contract are stated in words, whereas the existence and terms of an implied contract are manifested by conduct." Id. (internal citations, quotation marks, and alterations omitted). "An express contract may be written or oral, but an oral contract claim is different from an implied contract claim." Id. (internal citation omitted). "A contract implied in fact consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words." T & M Solar, 83 F. Supp. 3d at 872 (internal citation and quotation marks omitted). "In other words, there is no cause of action for implied contract where there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

exists between the parties a valid express contract covering the same subject matter." Id. (internal citation and quotation marks omitted).

LYB argues that Sacred Hoops' breach of an implied contract claim fails for three reasons: (1) Sacred Hoops' allegations regarding the breach of an implied contract claim are "inconsistent with Sacred Hoops' earlier pleadings"; (2) the FAC contains no factual allegations regarding the formation of the implied contract; and (3) "[t]here cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time." Mot. at 10–13. The Court does not find LYB's arguments availing. First, to the extent that Sacred Hoops' earlier pleadings included allegations that are inconsistent with the allegations in the FAC regarding an implied contract, the FAC has superseded those earlier pleadings, and those earlier pleadings do not, at this juncture, bar Sacred Hoops from alleging the existence of an implied contract. See PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 860 (9th Cir. 2007) ("The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations.").

Second, the FAC adequately alleges the existence of an implied contract between Sacred Hoops and LYB. "Because the existence and terms of an implied contract are manifested by conduct, a plaintiff must provide enough factual content to support the plausible inference that the implied contract existed." Jones v. Gen. Elec. Co., No. 18-cv-07086-EMC, 2019 WL 1599183, at *2 (N.D. Cal. Apr. 15, 2019) (internal citations, quotation marks, and alterations omitted). The gravamen of Sacred Hoops' implied contract claim is that LYB's alleged practice of requiring each of its dealers to agree to the MAP policy creates an implied contract that "requires LYB to enforce the MAP policy against all their dealers in order to ensure the policy objectives identified were met."[1] Opp. at 6, 8; FAC ¶¶ 13–17. At the pleading stage, all that is required is that a claim "must (1) contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively, and (2) plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Babb v. California Teachers Ass'n, 378 F. Supp.

---

[1] The parties' contract specifies two "Policy Objectives" including: (1) "[t]o ensure that our dealer product-relationships are consistent and value based"; and (2) [t]o maintain the proper positioning of Hey Dude products in the marketplace." Agmt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

3d 857, 869–70 (C.D. Cal. 2019) (citation and alteration omitted). Sacred Hoops satisfies these requirements with respect to its claim for breach of an implied contract.

Finally, the Court agrees that the breach that forms the basis for Sacred Hoops' breach of an implied contract claim is the same breach that forms the basis for Sacred Hoops' breach of an express contract claim. See FAC ¶ 29; cf. id. ¶ 22. However, a party may plead inconsistent claims in the alternative,[2] which Sacred Hoops clarifies is its intent here. See Opp. at 7–8.

In accordance with the foregoing, the Court **DENIES** LYB's motion to dismiss Sacred Hoops' breach of an implied contract claim.

**C.    Breach of the Implied Covenant of Good Faith and Fair Dealing Claim**

Sacred Hoops also asserts a claim for breach of the implied covenant of good faith and fair dealing against LYB. See FAC ¶¶ 35–35. According to Sacred Hoops, "there was an implied covenant of good faith and fair dealing" which "required LYB to refrain from actions that would deprive Sacred Hoops of the benefit of the Contract, to refrain from interfering with Sacred Hoops in carrying out its agreements, and to cooperate with Sacred Hoops in the performance of the agreements." Id. ¶ 32. Sacred Hoops avers, however, that "LYB breached the implied covenants and evaded the spirit of the bargain by . . . failing to enforce the MAP policy against other dealers, making negligent and/or false misrepresentations to Sacred Hoops regarding LYB's intention to enforce the MAP policy against other dealers, which resulted in Sacred Hoops [sic] inability to compete in the marketplace with other dealers of Hey Dude footwear." Id. ¶ 34.

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc., 2 Cal. 4th 342, 371 (1992). "California law requires that a claim for breach of the implied covenant of good faith and fair dealing go beyond the statement of a mere contract breach and not rely on the same alleged acts or simply seek the same damages or

---

[2]    See Rankin v. Glob. Tel*Link Corp., No. 13-cv-01117-JCS, 2013 WL 3456949, at *13 (N.D. Cal. July 9, 2013) (denying motion to dismiss breach of implied contract claim as duplicative of breach of express contract claim because "at this early stage of the case . . . the Court considers these claims as pleading alternative theories, which is permissible under Rule 8(a)(3).").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

other relief already claimed in a companion contract cause of action." Env't Furniture, Inc. v. Bina, No. 2:09-cv-07978-PSG-JC, 2010 WL 5060381, at *3 (C.D. Cal. Dec. 6, 2010). To allege a separate claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege bad faith conduct, "which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990). "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Id. "There are three exceptions to this rule: (1) where a breach of a consensual contract claim is not alleged, (2) where the plaintiff is seeking recovery in tort, and (3) where the plaintiff alleges that the defendant acted in bad faith to frustrate the contract's benefits[.]" Celador Int'l Ltd. v. Walt Disney Co., 347 F. Supp. 2d 846, 852 (C.D. Cal. 2004) (internal citations omitted).

LYB challenges Sacred Hoops' implied covenant on two primary bases.[3] First, LYB argues that because the FAC's allegations regarding LYB's alleged breach of the implied covenant claim "contradict Sacred Hoops' earlier allegations," they "should not be

---

[3] To the extent that LYB challenges Sacred Hoops' breach of the implied covenant claim as duplicative of LYB's breach of contract claims, the Court concludes that these claims are *not* duplicative. The same alleged breach—LYB's failure to enforce the MAP policy against other dealers of LYB's Hey Dude shoes—forms the basis for Sacred Hoop's breach of express contract, breach of implied contract, and breach of implied covenant claims. See FAC ¶¶ 21, 29, 34. However, Sacred Hoops also avers that "Sacred Hoops did not receive the benefit of its agreements with LYB, since, being in substantial compliance with its agreements with LYB, including compliance with the MAP policy, Sacred Hoops became unable to compete with other dealers of Hey Dude products in the marketplace." Id. ¶ 17; see also Opp. at 9. Accordingly, LYB's breach of the implied covenant claim falls within the exception to the rule regarding duplicative contract and implied covenant claims that exists "where the claimant alleges that the breaching party acted in bad faith to frustrate the contract's benefits." Love & War, LLC v. Wild Bunch A.G., No. 2:18-cv-03773-DMG-PLA, 2018 WL 7501286, at *3 (C.D. Cal. Dec. 21, 2018) (internal citation and alterations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

considered by the Court[.]" Mot. at 16 n.2. However, the Court has already rejected this argument.

Second, LYB argues that "per the written terms of the Contract, LYB had 'discretion' to take any action in light of any violation of MAP" and that "[t]here is no allegation that LYB did anything other than what was set forth in the Parties' written contract." Mot. at 16, 18. Indeed, the parties' contract specifies that "Hey Dude may *at its own discretion*, stop supplying product to any Dealer found to be in violation of the MAP Policy." Agmt. (emphasis added). "California law is clear, however, that where a contract confers one party with discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing." McCollum v. XCare.net, Inc., 212 F. Supp. 2d 1142, 1152 (N.D. Cal. 2002) (internal citations omitted). "Consequently, if one party exercises its discretionary authority in bad faith for the purpose of frustrating the other party's legitimate expectations, it has breached the implied covenant." Id. (internal citation omitted). Sacred Hoops alleges that LYB "evaded the spirit of the bargain by . . . failing to enforce the MAP policy against other dealers," which resulted in Sacred Hoops' "not receiv[ing] the benefit of its agreement with LYB, since, being in substantial compliance with its agreements with LYB, including compliance with the MAP policy, Sacred Hoops became unable to compete with other dealers of Hey Dude products in the marketplace." FAC ¶¶ 17, 34. Because Sacred Hoops alleges that LYB exercised its discretion in a manner that frustrated Sacred Hoops' expectations under the parties' contract, Sacred Hoops has stated a claim for breach of the implied covenant.

The Court therefore **DENIES** LYB's motion to dismiss Sacred Hoops' breach of the implied covenant claim.

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** LYB's motion to dismiss Sacred Hoops' counterclaims. Accordingly, the Court **DISMISSES** Sacred Hoops' breach of contract claim. However, the Court **DENIES** LYB's motion to dismiss Sacred Hoops' claims for breach of an implied contract and breach of the implied covenant of good faith and fair dealing. Sacred Hoops **SHALL** file a second amended countercomplaint within **thirty (30) days**. The Court **GRANTS** Sacred Hoops leave to amend solely with respect to Sacred Hoops' breach of an express contract claim. In other words, Sacred Hoops may file a second amended countercomplaint which attempts to cure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 5:19-cv-01530-CAS(KKx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | LEVER YOUR BUSINESS INC. v. SACRED HOOPS AND HARDWOOD, INC. | | |

the deficiencies the Court identified with respect to Sacred Hoops' breach of an express contract claim. Sacred Hoops may not, however, include new claims in any second amended countercomplaint.

IT IS SO ORDERED.

                                                                00  :  15
                            Initials of Preparer        CMJ