UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1530-CAS (KKx)** | Date: | January 25, 2021 |
|---|---|---|---|
| Title: | *Lever Your Business, Inc. v. Sacred Hoops and Hardwood, Inc.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present                              None Present

**Proceedings:**   (In Chambers) Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [Dkt. 50]

On November 24, 2020, Plaintiff and counter-defendant Lever Your Business, Inc. ("LYB") filed a Motion to Compel Defendant and counter-claimant Sacred Hoops & Hardwood, Inc., doing business as Top 10 Sports ("Top 10"), to provide further responses to LYB's Requests for Admissions (Set One) Nos. 1-4; Special Interrogatories (Set One) Nos. 1, 2, 5, 7, 8, 10, 11, 12, 13, and 14; and Requests for Production (Set One) Nos. 1, 3, 7, 9, 11, 12, 14, 15, 16, 20, 21, 22, 23, 24, and 26 ("Motion to Compel").  ECF Docket No. ("Dkt.") 50.  For the reasons set forth below, LYB's Motion to Compel is GRANTED IN PART and DENIED IN PART.

I.
RELEVANT BACKGROUND

LYB is a California corporation and distributor of "Italian based clothing, accessory, and life-style brands to companies (sellers) throughout the United States," including Hey Dude brand shoes.  Dkt. 1, Compl., ¶ 6.  Top 10 is a South Dakota corporation and seller of shoes and accessories, including Hey Dude shoes, to consumers via its own website and Amazon.com.  Id., ¶¶ 2-3; dkt. 13 at 3.

On August 15, 2019, LYB filed the Complaint in this action against Top 10, asserting claims for breach of contract, unfair competition, and conversion.  Dkt. 1, Compl.  As alleged in the Complaint, Top 10 1) breached the Minimum Advertising Pricing Policy ("MAP Agreement") entered into by the parties in February 2017 by selling Hey Dude products at unauthorized prices

and on unauthorized websites; 2) failed to pay invoices for, or return orders of, $116,000 worth of Hey Dude shoes purchased from LYB in 2018; and 3) engaged in unfair competition. Id.

On December 23, 2019, the Court granted in part and denied in part Top 10's motion to dismiss the Complaint, dismissing LYB's conversion and unfair competition claims without prejudice. Dkt. 23, Order. LYB did not file an amended complaint. Therefore, LYB's sole remaining claim in the Complaint is a breach of contract claim alleging Top 10 breached the MAP and sales orders. Dkt. 50-1, JS at 4; see also dkt. 1, Compl.

On March 20, 2020, Top 10 filed its operative First Amended Answer and Countercomplaint ("FAAC"), asserting eighteen (18) affirmative defenses[1] and three (3) counterclaims against LYB for breach of contract, breach of implied contract, and breach of the implied covenant of good faith and fair dealing. Dkt. 32, FAAC. The FAAC alleges LYB breached the MAP's express and implied terms by not enforcing minimum pricing requirements against competing sellers of Hey Dude products, which caused Top 10 to become "unable to compete with other dealers of Hey Dude products." Id., ¶ 17.

On April 13, 2020, the Court held a Scheduling Conference and issued an Order setting the discovery cut-off for May 3, 2021 and a jury trial for November 3, 2021. Dkt. 37.

On May 11, 2020, the Court granted in part and denied in part LYB's motion to dismiss the counterclaims in the FAAC, dismissing Top 10's breach of contract counterclaim. Dkt. 41. Top 10 did not file a second amended counter complaint. Therefore, Top 10's remaining counterclaims in the FAAC are for breach of implied contract and breach of the implied covenant of good faith and fair dealing based on LYB's failure to enforce the MAP against Top 10's competitors. See dkt. 32, FAAC.

On June 12, 2020, LYB filed an Answer to the FAAC's counterclaims, denying the allegations and asserting eighteen (18) affirmative defenses.[2] Dkt 43.

---

[1] Top 10 sets forth eighteen (18) affirmative defenses in its Answer to the Complaint, arguing LYB's breach of contract claim is barred based on: 1) hindered performance; 2) ratification, waiver, laches, and estoppel; 3) no injury or damage; 4) culpable conduct and unclean hands; 5) failure to mitigate; 6) "documentary evidence"; 7) justification; 8) LYB was not ready, willing, and able to perform under the MAP; 9) failure to satisfy an express condition precedent; 10) fraud; 11) consent; 12) termination, abrogation, abandonment or rescission of the MAP; 12) unjust enrichment; 13) lack of consideration for the MAP/Promissory Note; and 14) equitable recoupment. Dkt. 32, FAAC.

[2] LYB sets forth eighteen (18) affirmative defenses in its Answer to the FAAC's counterclaims, arguing Top 10's counterclaims for breach of implied contract and the covenant of good faith and fair dealing are barred based on: 1) consent, estoppel or acquiescence; 2) laches; 3) unclean hands; 4) statute of frauds; 5) no oral contracts or implied contracts under Cal. Commercial Code 2202; Civ. Code 1698; 6) waiver; 7) no injury; 8) statute of limitations; 9) hindered performance; 10) prior breach; 11) failure to mitigate; 12) Top 10 not ready, willing and able to perform; 13) fraud; 14) unjust enrichment; 15) implied contracts unenforceable based on lack of consideration, meeting of the minds; 16) equitable offset. Dkt. 43.

On May 15, 2020, LYB served Top 10 with Requests for Admissions (Set One) ("RFAs"), Special Interrogatories (Set One) ("SROGs"), and Requests for Production (Set One) ("RFPs") (collectively, the "Discovery Requests"). JS at 203-06, Ex. D, Declaration of Christopher L. Walters in Support of Joint Stipulation ("Walters Decl."), ¶ 5.

On June 2, 2020, Top 10's counsel emailed LYB's counsel acknowledging Top 10's responses to the Discovery Requests were due on June 15, 2020 but proactively requesting a two-week extension until June 29, 2020. Walters Decl., ¶ 6, Ex. E.  LYB's counsel agreed to provide the extension.  Id.

On June 30, 2020, Top 10's counsel informed LYB's counsel via email that Top 10 was experiencing technical difficulties providing its response verifications but that the responses to the Discovery Requests were complete.  JS at 285-88, Ex. J, Declaration of Bonnie L. Stokes in Support of Joint Stipulation ("Stokes Decl."), ¶ 2.

On July 8, 2020, Top 10 served its Responses to Requests for Admission, Set One; Responses to Request for Production of Documents, Set One; and Responses to Special Interrogatories, Set One (collectively, the "Responses") via email and U.S. mail. Walters Decl., ¶ 7, Ex. F.

On July 10, 2020, LYB's counsel sent Top 10's counsel a meet and confer letter via email, outlining what it believed were deficiencies in Top 10's Responses.  Walters Decl., ¶ 8, Ex. G.

On July 14, 2020, counsel met and conferred telephonically to address the issues raised in LYB's meet and confer letter.  Walters Decl., ¶ 9.  Top 10's counsel agreed to provide supplemental responses to certain Discovery Requests, and in exchange, LYB's counsel allegedly agreed that LYB "would forgo alleg[ing] untimely responses."  Stokes Decl., ¶ 3.

On July 30, 2020, Top 10 served its Supplemental Responses to Requests for Admission, Set One; Supplemental Responses to Request for Production of Documents, Set One; and Supplemental Responses to Special Interrogatories, Set One (collectively, the "Supplemental Responses") via email.  Walters Decl., ¶ 10, Ex. H; Stokes Decl., ¶ 8, Ex. A.

On September 14, 2020, LYB filed a motion to compel the instant Discovery Responses containing only LYB's portion of a joint stipulation.  Dkt. 46.  On September 16, 2020, the Court issued an Order striking the motion, finding the parties failed to meet and confer as required by Local Civil Rule 37-1 regarding the Supplemental Responses.  Dkt. 47.

On September 21, 2020 and November 2, 2020, counsel for the parties met and conferred to discuss Top 10's Supplemental Responses.  Walters Decl., ¶ 11.  Top 10's counsel "confirmed that [Top 10]'s July 30 supplemental responses constitute their final position and they are working to provide a firm timeline for the production of documents as set forth in the July 30, 2020 Supplemental Responses to Requests for Production of Documents."  Id.

On September 25, 2020, Top 10 filed a "Motion for Order Excusing Defendant's Untimely Responses to Plaintiff's Discovery Requests" under Rule 36(a), seeking to withdraw admissions and provide objections to interrogatories and requests for production of documents.  Dkt. 48.  On September 29, 2020, the Court issued an Order striking the motion, finding Top 10 failed to file the

motion with a joint stipulation or declaration as required by Local Civil Rule 37-2 and provided incorrect hearing information. Dkt. 49. Top 10 did not re-file the motion.[3]

On November 24, 2020, LYB filed the instant Motion to Compel, dkt. 50, with a Joint Stipulation pursuant to Local Rule 37-2, dkt. 50-1.

On December 31, 2020, LYB filed a supplemental brief in support of the Motion to Compel. Dkt. 51.

The Motion to Compel thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." FED. R. CIV. P. 37(a)(4). "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition,

---

[3] In the Joint Stipulation, Top 10's counsel states she "is in the process of remedying the procedural deficiencies associated with Top 10's Motion and expects to have Top 10's Motion refiled within the next week." Stokes Decl., ¶ 6.

"[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

## III.
## DISCUSSION

### A.    TIMELINESS OF TOP 10'S RESPONSES

As an initial matter, LYB argues Top 10's Responses served on July 8, 2020 were untimely, and therefore, the RFAs should be deemed admitted and all objections to the SROGs and RFPs should be waived.  JS at 6, 12-13, 20-21, 61-63; see also dkt. 51.  For the reasons below, LYB's request is DENIED.

#### 1.    Applicable Law

Federal Rule of Civil Procedure 36 governs requests for admission and provides, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3).  However, "the court may permit withdrawal [of admissions] . . . if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b) (emphasis added).  Specifically, a court may grant relief from an admission when (1) "the presentation of the merits of the action will be subserved"; and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995).  "The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case." Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001) (citing Hadley, 45 F.3d at 1348).  "The prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case . . . ." Hadley, 45 F.3d at 1349.

Federal Rule of Civil Procedure 33 governs interrogatories and provides, "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories" and that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(2); 33(b)(4).

Federal Rule of Civil Procedure 34 governs requests for production of documents and provides, "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." FED. R. CIV. P. 34(b)(2)(A).

#### 2.    Analysis

Here, LYB served the Discovery Requests on May 15, 2020.  Pursuant to Rules 36, 33, and 34, Top 10's responses were due thirty (30) days later, on June 15, 2020. FED. R. CIV. P. 36(a)(3);

33(b)(2); 34(b)(2)(A). The parties concede they stipulated[4] to a two-week extension, allowing Top 10 to provide responses by June 29, 2020. Walters Decl., ¶ 6, Ex. E. Top 10, however, did not serve its Responses until July 8, 2020. Walters Decl., ¶ 7, Ex. F. Thus, Top 10's original Responses were untimely by nine (9) days.

The Court declines to deem the RFAs admitted and objections to SROGs and RFPs waived based on a nine-day delay. As to the Responses to the RFAs, first, allowing Top 10 to withdraw its untimely admissions and amend them to the Responses and Supplement Responses provided on July 8, 2020 and July 30, 2020, respectively, would promote the presentation of the merits of the action. Specifically, for example, withdrawal of RFA No. 2 would allow Top 10 to present written evidence allegedly establishing Top 10's right to return shoes to LYB, and thus allow Top 10 to defend against the merits of LYB's breach of contract action and support its counterclaims. See JS at 11, RFA No. 2 (requesting Top 10 admit it has no contractual rights to return shoes to LYB). Second, LYB has failed to meet its burden of showing it would suffer prejudice if withdrawal of the admissions is permitted. See FED. R. CIV. P. 36(b). It appears Top 10's counsel made efforts to inform LYB's counsel of technical difficulties and assure LYB's counsel that the discovery responses were forthcoming. Stokes Decl., ¶ 2. In light of such efforts and in light a discovery cut-off of May 3, 2021, a delay of nine (9) days in providing the Responses appears to have caused no harm or prejudice to LYB. See dkt. 51. In fact, counsel for the parties apparently met and conferred on July 14, 2020 and agreed that Top 10 could provide supplemental responses and LYB would "forgo" raising timeliness issues. Stokes Decl., ¶ 3. Notably, Top 10 did, in fact, provide supplemental responses within fifteen (15) days of the meet and confer. Walters Decl., ¶ 10, Ex. H; Stokes Decl., ¶ 8, Ex. A. LYB, therefore, has failed to meet its burden to show withdrawal of the Responses would prejudice it in maintaining the action or defense on the merits. Sonoda, 255 F.3d at 1040 (affirming district court's decision to permit withdrawal where motion to withdraw was made before trial and plaintiff would not be hindered in presenting evidence to the factfinder).

As to the Responses to the SROGs and RFPs, the Court finds good cause exists to excuse Top 10's nine day delay in providing responses and objections. As discussed above, it appears Top 10 experienced technical difficulties in preparing the SROG and RFP verifications. Stokes Decl., ¶ 2. Such delays do not appear to have been willful or made in bad faith. The Court, therefore, finds good cause for the delay and finds Top 10 did not waive its objections to the SROGs and RPFs. FED. R. CIV. P. 33(b)(2); 33(b)(4).

Accordingly, LYB's request that all RFAs be admitted and all objections to SROGs and RFPs be waived based on the untimeliness of Top 10's Responses is DENIED. Top 10's Responses provided on July 8, 2020 and Supplemental Responses provided on July 30, 2020 shall be considered timely.

The Court will now turn to the merits of the parties' arguments.

///

---

[4] Rule 36 provides "A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36. Rule 29, in turn, provides that parties may modify any discovery deadlines, but must seek court approval if the extension "would interfere with the time set for completing discovery, for hearing a motion, or for trial." FED. R. CIV. P. 29.

### B. REQUESTS FOR ADMISSION

#### 1. Applicable Law

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). Federal Rule of Civil Procedure 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

FED. R. CIV. P. 36(a)(4).

#### 2. Analysis

##### a. Requests for Admission Nos. 1 and 4

Request for Admission No. 1 seeks an admission that "YOU have goods in your possession that YOU ordered from LYB that YOU have not paid for." JS at 10.

Request for Admission No. 4 seeks an admission that "after YOU noticed that certain retailers were selling Hey Dude shoes in a manner that YOU believed was in violation of Minimum Advertised Pricing Policy YOU ordered additional shoes from LYB." Id. at 11.

Top 10's Supplemental Responses to both Requests for Admission raise a compound objection, stating: "[Top 10] objects to this request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2). Instead, the request presents a number of compound issues within a single request. Subject to and without waiving this objection, [Top 10] answers as follows: Admit." Id. at 10-11.

Here, Top 10's objection to Requests for Admission Nos. 1 and 4 as compound is unfounded because each request inquires as to a single contention. "Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." U.S. ex rel. Englund v. Los Angeles Cnty., 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citation omitted). Top 10 has failed to show or explain how Requests for Admission Nos. 1 and 4 are compound; hence, Top 10's objections are OVERRULED. Otherwise, Top 10 has properly responded to Requests for Admission Nos. 1 and 4 by admitting them.

Accordingly, LYB's Motion to Compel further responses to Requests for Admission Nos. 1 and 4 is DENIED.

  **b.**  **Requests for Admission Nos. 2 and 3**

Request for Admission No. 2 seeks an admission "YOU do not have any contractual right to return shoes to LYB due to YOUR inability to sell such shoes." JS at 11.

Request for Admission No. 3 seeks an admission "there was a no refund policy in all of YOUR dealings with LYB from January 1, 2016 to the present." Id.

Top 10 responds to both Requests for Admission as follows: "Deny." Id.

LYB provides no clear reason why these responses are deficient, except to argue untimeliness, which the Court has addressed above, and to argue Top 10's boilerplate "general objections" are meritless.[5] Top 10, however, has properly responded to RFA Nos. 2 and 3 by denying them without objections.

Accordingly, LYB's Motion to Compel further responses to Requests for Admission Nos. 2 and 3 is DENIED.

**C.**  **INTERROGATORIES**

As an initial matter, Top 10 sets forth "GENERAL OBJECTIONS" at the beginning of its Responses and Supplemental Reponses to SROGs and RFPs, but states within many "GENERAL OBJECTIONS" that no documents are being withheld on this basis. See JS, Ex. F at 220-21; Ex. G. at 257-58. Top 10's GENERAL OBJECTIONS are, therefore, overruled. See A. Farber & Partners, Inc., 234 F.R.D. at 188; In re Air Crash at Taipei, Taiwan on Oct. 31, 2000, 211 F.R.D. 374, 376 n.2 (C.D. Cal. 2002) (noting "a 'general objection' is not sufficient"). Moreover, to the extent Top 10 does not raise any objections in the Joint Stipulation, any of these objections not specifically addressed in the Joint Stipulation are waived. Duran, 258 F.R.D. at 379 (C.D. Cal. 2009) (finding "defendant has waived those objections not addressed in the Joint Stipulation" (citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, 506 U.S. 948 (1992))).

  **1.**  **Applicable Law**

Federal Rule of Civil Procedure 33 governs interrogatories to parties. See FED. R. CIV. P. 33. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED. R. CIV. P. 33(a)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). "The grounds for objecting to an interrogatory must be

---

[5] While LYB refers to a "preliminary section" in the RFA Responses entitled "GENERAL OBJECTIONS," setting forth boilerplate objections, JS at 14, it does appear this preliminary section is included in the RFA Responses or Supplemental Responses, but rather, only in the Responses and Supplemental Responses to SROGs and RFPs. See JS, Ex. F at 215-18 (RFA Responses); 290-94 (RFA Supplemental Responses).

stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).

### 2. Analysis

#### a. Special Interrogatory No. 1

Special Interrogatory No. 1 requests Top 10 "identify all sales (including purchaser, forum of sale (e.g. Amazon, Walmart, YOUR website)[)], date, quantity, model/manufacturer and sales price that YOU have made to any resident of the State of California (including but not limited to any and all goods that YOU shipped to an address in the State of California), including but not limited to goods YOU obtained from LYB, from January 1, 2016 to present." JS at 19.

Top 10 objects in both its Response and Supplemental Response on grounds this interrogatory is (a) overbroad, (b) encompasses information and products that are not at issue and are irrelevant to any claim or defense, (c) is not proportional to the needs of the case, (d) is an invasion of privacy of third-party nonlitigants, and (e) is a compound request. Id. at 19-20. Nonetheless, Top 10 provides the following substantive response: "[Top 10] has sold Hey Dude shoes on Amazon.com, Walmart.com, and www.top10sports.com." Id.

LYB appears to argue the information sought in SROG No. 1 is relevant to Top 10's counterclaim against LYB for breach of implied contract and the covenant of good faith and fair dealing because it "would show specifically what [Top 10]'s actual sales revenues were from specific lines, and what if any losses or decreases in sales it suffered" and whether Top 10 "was actually suffering sale losses caused by [LYB]'s alleged actions or for some other reason, including [Top 10]'s own actions and how it devoted its sales efforts to various goods or shoe lines." Id. at 23. Further, LYB argues Top 10's activity in the State of California is relevant to the jurisdictional challenges made by Top 10.[6] Id.

The Court, however, is not persuaded by this tangential reasoning and finds requests for information as to "all" sales of "all" goods is overbroad and the burden and expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C). Specifically, the sales history and losses for non-Hey Dude products are not relevant to whether Top 10 was unable to sell Hey Dude products based on unfair price listings by third parties, or whether either party breached the MAP or their sales invoices. Comparing the performance of Top 10's other products, which could be affected by a multitude of factors, to Hey Dude product performance, has no bearing on whether third party sellers were selling Hey Dude shoes at unfair prices. Compelling the production of Top 10's entire sales data to California customers for only a marginally helpful comparison is, therefore, not warranted, and LYB has not met its "burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations LLC, 2013 WL 6354419, at *2.

---

[6] On December 23, 2019, the Court denied Top 10's motion to dismiss based on lack of jurisdiction, finding specific personal jurisdiction over Top 10 in California was reasonable in light of the extent Top 10 "injected itself into the forum." Dkt. 23 at 6-9.

(continued . . . )

Accordingly, Top 10's objections based on overbreadth, relevance, and proportionality are SUSTAINED. Top 10's compound and privacy objections are OVERRULED. LYB's Motion to Compel further response to Special Interrogatory No. 1 is DENIED for the reasons set forth above.[7]

### b. Special Interrogatory No. 2

Special Interrogatory No. 2 requests Top 10 "identify all visitors to www.top10sports.com from January 1, 2016 to the present who were located in the State of California, including but not limited to the identity of the visitor, date, and what portions of the website were viewed/accessed by each visitor." JS at 32.

Top 10 objects both in its Response and Supplemental Response on grounds this interrogatory is (a) not relevant, (b) an invasion of privacy of third-party nonlitigants, and (c) a compound request. Id. at 32. Nonetheless, Top 10 provides the following substantive response: "[Top 10] does not store such data, therefore, the information is not within [Top 10]'s possession and/or control." Id.

LYB argues this information is relevant to show that any decrease in Top 10's revenue, which "would be related to customer traffic to the website," was due to factors beyond LYB's control, including "Top 10's own actions in not adapting to the ever-changing online retail market industry." Id. at 33. Further, LYB argues Top 10's business activity in the State of California is relevant to the jurisdictional challenges made by Top 10. Id.

The Court finds overall customer traffic on Top 10's website is, once again, not relevant to the question of whether third parties sold Hey Dude shoes at unfair prices and whether either party breached the MAP. Customer traffic would not even tend to show whether outside factors, such as Top 10's "failure to adapt," caused Top 10 to lose business. Rather, at best, it might show a decrease in number of customers, but not the reasons therefore. Additionally, Top 10 has stated in its Supplemental Response that it does not store data of its website visitors and, therefore, such information is not in its possession or control. Id. at Ex. H. The Court cannot compel information that does not exist.

Accordingly, Top 10's objection based on relevance is SUSTAINED, but its compound and privacy objections are OVERRULED. LYB's Motion to Compel further response to Special Interrogatory No. 2 is DENIED for the reasons set forth above.

///

---

[7] To the extent SROG No. 1 seeks sales information regarding *Hey Dude products* sold in California, this information is directly relevant to LYB's claim and Top 10's counterclaims; however, this information is encompassed by SROG No. 10, which requests Top 10's sales data regarding Hey Dude products. LYB has not identified any reason, other than jurisdictional concerns, why Top 10 should be required to identify Hey Dude products sold specifically in California and the Court has already determined that personal jurisdiction over Top 10 is proper in this forum. Dkt. 23 at 6-9.

### c.      Special Interrogatories Nos. 5, 7, 8

Special Interrogatory No. 5 requests Top 10 "identify, by date and amount, each order for shoes that YOU placed, from January 1, 2016 to the present, with any company that supplies shoes that YOU sold." JS at 34.

Special Interrogatory No. 7 requests Top 10 "identify, by date and amount, each payment, from January 1, 2016 to the present, that YOU made to any company for an order of shoes." Id. at 37.

Special Interrogatory No. 8 requests Top 10 "identify, by date and amount, all money that a vendor is claiming that you owe to it, including but not limited to vendors that you ordered shoes from." Id. at 40.

Top 10 objects on grounds these interrogatories are (a) overbroad, (b) encompass information and products that are not at issue and are irrelevant to any claim or defense, (c) are not proportional to the needs of the case, and (d) are an invasion of privacy of third-party nonlitigants. Id. at 34, 37, 40-41. Top 10 further responds that its "shoe orders made to other companies have nothing to do with the contract between LYB and [Top 10];" id. at 35-36; Top 10 "will not identify payments made to other companies because the contract at issue is between [Top 10] and LYB only;" id. at 37; and Top 10 "will not identify debts owed to other companies because the contract at issue is between [Top 10] and LYB only;" id. at 40.

LYB argues information regarding Top 10's shoe orders, payments, and debts with other suppliers is relevant to show Top 10 failed to properly forecast shoe sales and compete in the marketplace. Id. at 36. LYB also argues this information will show whether Top 10's orders were "different for Plaintiff LYB" compared to other suppliers, and would show Top 10's alleged losses on Hey Dude shoes were not the result of LYB's alleged unlawful conduct but "some other business reason or [Top 10's] own conduct." Id. at 36, 39.

The Court finds these interrogatories seek information that is overbroad and the burden and expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C). Any decrease in sales, excessive orders, or debts related to other shoe products would not demonstrate whether Top 10 experienced losses on Hey Dude shoes due to LYB's actions and could be the result of numerous irrelevant factors. Hence, the Court finds LYB fails to meet its burden of demonstrating this information is relevant and proportional to the needs of the case. See Bluestone Innovations LLC, 2013 WL 6354419, at *2.

Accordingly, Top 10's objections based on overbreadth, relevance, and proportionality are SUSTAINED, but its privacy objections are OVERRULED. LYB's Motion to Compel further responses to Special Interrogatories No. 5, 7 and 8 is DENIED for the reasons set forth above.

### d.      Special Interrogatories Nos. 10, 11, 12, and 13

Special Interrogatory No. 10 requests Top 10 "identify all sales of Hey Dude shoes by YOU, including but not limited to the customer, date, model, sales price, quantity, and mode/forum of sale (e.g. Amazon, Walmart, YOUR website)." JS at 42.

Special Interrogatory No. 11 requests Top 10 "identify all sales offerings or advertisements of Hey Dude shoes by YOU, including but not limited to date, model, sales price, and mode/forum of sale (e.g. Amazon, Walmart, YOUR website)." Id. at 46.

Special Interrogatory No. 12 requests Top 10 "identify all revenue, including the gross revenue and the profit, YOU obtained from the sale of Hey Dude Shoes, including but not limited to monthly totals." Id. at 49.

Special Interrogatory No. 13 requests Top 10 "identify each order for the purchase of shoes that YOU placed with LYB after YOU first became aware of what YOU believe were violations of Minimum Advertised Prices by any other retailer, including the date, models of shoes, LYB sales price, and quantity of each model for each order." Id. at 51.

Top 10 objects to SROG No. 10 on the grounds it is an invasion of privacy of third-party nonlitigants but provides a substantive response, listing shoe model and number of orders, and states it does not store its customer names. Id. at 42-44.

Top 10 objects to SROG Nos. 11, 12, and 13 on the grounds they are (a) "unduly burdensome because [the information is] equally available to [LYB]. CCP §2019.030(a)(1)," and (b) "vague and ambiguous as to time and scope." Id. at 46, 49. Top 10 provides substantive responses as follows: for SROG No. 11, "all sales were dictated by [LYB]," id. at 46; for SROG No. 12, "None. In fact, [Top 10] continues to lose money every single month. All prices were listed at the MAP policy price. Exactly what was sold by [Top 10] was provided to [LYB] previously and is in [LYB's] possession," id. at 49; for SROG No. 13, Top 10 provides a list of dates and dollar figures, which are presumably order totals, id. at 49.

LYB argues Top 10's responses are insufficient and do not provide all information sought in each interrogatory. Id. at 42-49.

As to SROG No. 10, Top 10 asserts disclosing its customer information would violate the privacy of its customers. To the extent LYB seeks the contact information such as names, addresses, or payment methods of Top 10 customers, the interrogatory is overbroad. "[B]oth federal and state courts have specifically held that individuals have a privacy interest in not having their names and addresses disclosed." See Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 551 (E.D. Cal. 1990). LYB fails to establish how customer identifying information would support its claims and, therefore, fails to satisfy its burden to show the need for the evidence outweighs the privacy interests of non-parties. Hardie v. Nat'l Collegiate Athletic Ass'n, No. 13-CV-346-GPC (DHB), 2013 WL 6121885, at *3 (S.D. Cal. Nov. 20, 2013) (noting "[t]o evaluate a privacy objection, courts must balance the party's need for the particular information against the privacy right asserted"). In any event, Top 10 has stated it does not store its customers' names. JS at 44.

However, such privacy concerns do not extend to the other information sought by SROG No. 10, including the date, price, quantity and sale platform of Top 10's sales of Hey Dude shoes. Moreover, Top 10's assertion in the Joint Stipulation that it has "provided multiple excel spreadsheets providing this information," JS at 45, is an insufficient response and LYB is entitled to a specific response indicating a specific location and/or Bates numbered document where such information, including the date, price, quantity, and mode of sale of all Hey Dude shoe sales, can be found.

As to SROG Nos. 11, 12, and 13, Top 10's conclusory objections that these SROGs are unduly burdensome are without any evidentiary support and insufficient to show the requests are unduly burdensome.  See A. Farber & Partners, Inc., 234 F.R.D. at 188 (citing Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (finding conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable)).  Second, Top 10's objections that these interrogatories are vague as to time and scope are unpersuasive.  The parties entered into a business relationship in 2017; therefore, it is clear that the scope of the interrogatories covers the time period during which the parties were engaged in this relationship.  Third, Top 10's sales offers and advertisements, gross revenue and monthly profits are not equally known to LYB, nor would Top 10's order history with LYB after Top 10 "first became aware" of MAP violations be specifically tracked or known to LYB.  Top 10's assertion that LYB dictated the minimum pricing of Hey Dude sales and therefore possesses Top 10's sales histories and profit statements is unfounded.  Finally, as previously stated, Top 10's argument that it has "provided multiple excel spreadsheets providing this information" is insufficient and LYB is entitled to receive a specific location and/or Bates numbered document where such information can be found.

Accordingly, Top 10's objection that Special Interrogatory No. 10 is an invasion of privacy is SUSTAINED only as to customer information, but otherwise OVERRULED.  Top 10's objections that Special Interrogatories Nos. 11, 12, and 13 are unduly burdensome, vague or ambiguous, or equally known to LYB are OVERRULED.  LYB's Motion to Compel further response to Special Interrogatories Nos. 10, 11, 12, and 13 are GRANTED as set forth above.

   e.   **Special Interrogatory No. 14**

Special Interrogatory No. 14 requests Top 10 "identify each violation of Minimum Advertised Prices that you believe any seller of Hey Dude shoes engaged in, including but not limited to the retailer, date, model of shoe, price, forum/mode of sales offering/advertisement, and when you first became aware of each alleged violation."  JS at 56.

In its original and Supplemental Responses, Top 10 objects to SROG No. 14 on the grounds it is "unduly burdensome because it's equally available to the Propounding Party. CCP §2019.030(a)(1)," and (b) LYB has all information within its possession and/or control.  Id. at 57.  As a substantive response, Top 10 states LYB "allowed 15 FBA vendors to sell on Amazon when only 6-8 sellers were allowed to sell on FBA" and sets forth a list of three dates, each with a series of items and prices, and states that "[a]ll the above referenced violations were provided to T.J. Barnes and Roy Goldwasser."  Id.

LYB argues the response is incomplete and fails to identify specific sellers and identify MAP violations for the 15 FBA vendors.  Id. at 59.

Top 10's conclusory objections that SROG No. 14 is unduly burdensome, without any evidentiary support, is insufficient.  In fact, all of the information sought in SROG No. 14 should already have been documented, considering the allegations in Top 10's counterclaim that "[Top 10] is in the practice of checking its listings of Hey Dude products in the marketplace on a daily basis and documenting violators of the MAP policy.  In October 2018, Top 10 contacted LYB to inform LYB of the existence of at least 7 MAP policy violators constituting a staggering 7 of the then 15

dealers." Dkt. 32, FAAC, ¶ 15. Second, Top 10 provides no support for the assertion that LYB already has in its possession information regarding the MAP violations. Relatedly, simply stating that "all the above referenced violations" were previously provided to principals of LYB, JS at 57, is an insufficient and incomplete response.

Accordingly, Top 10's objections to Special Interrogatory No. 14 are OVERRULED, and LYB's Motion to Compel further response to Special Interrogatory No. 14 is GRANTED. Top 10 must provide specific responses detailing the alleged MAP violations, including the name of the retailer, date of the violation, model of shoe, price, forum/mode of the sales offering/advertisement (i.e., platform), and date Top 10 first became aware of each alleged violation. If such information has already been provided, Top 10's response should set forth a specific location and/or Bates numbered document where such information can be found.

### D.   REQUESTS FOR PRODUCTION

#### 1.   Applicable Law

Federal Rule of Civil Procedure 34 governs requests for production of documents. See FED. R. CIV. P. 34. The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

#### 2.   Analysis

##### a.   Requests for Production Nos. 1, 9, 11

Request for Production No. 1 seeks: "All DOCUMENTS REGARDING the sales activity of other retailers of Hey Dude shoes, including but not limited to the pricing, model, quantity of actual sales and advertised offerings for sale or online sales forums." JS at 60.

Request for Production No. 9 seeks: "All DOCUMENTS RELATING to the sales of Hey Dude shoes by other companies, including but not limited to YOUR COMMUNICATIONS with such companies and date REGARDING such sales." Id. at 86.

Request for Production No. 11 seeks: "All COMMUNICATIONS YOU had with anybody REGARDING alleged violations of Minimum Advertised Pricing." Id. at 92.

Top 10 objects in both its Response and Supplemental Response on grounds RFP Nos. 1 and 9 are (a) overbroad, (b) encompass information and products that are not at issue and are irrelevant to any claim or defense, and (c) are not proportional to the needs of the case. Id. at 60, 86. Top 10 objects to RFP No. 11 on the basis of attorney-client privilege and attorney work product doctrine. Id. at 93. Nonetheless, Top 10 provides the following substantive response to RFP No. 1: "[Top 10] has limited its search to responsive material concerning [Top 10's] items that are covered by an asserted claim in the suit and will produce copies of such responsive documents on July 30, 2020. The material will include all the companies that were selling Hey Dude shoes under the Minimum Advertised Policy pricing." Id. at 61. Top 10 provides the following substantive response to RFP No. 9: "The only COMMUNICATIONS in [Top 10's] possession and control are

screen shots of companies selling Hey Dude shoes lower than the MAP policy, which has [sic] already been provided to [LYB]." Id. at 87. Top 10 provides the following substantive response to RFP No. 11: "[Top 10] has limited its search to responsive material concerning [Top 10's] items that are covered by an asserted claim in the suit and will produce copies of such responsive documents. As of the date of these supplemental responses all emails have been provided to [LYB]." Id. at 93.

LYB asserts these responses are evasive. Id. at 67, 87, 93. Top 10 argues its responses are not evasive and it has produced the entirety of the documents in its possession responsive to RFP No. 1 in a Bates stamped document entitled "Sacred Hoops 000121 – 000126" and has provided all "emails" in its possession responsive to RFP No. 9. Id. at 72, 91. Top 10 also argues, for the first time in the JS, that RFP No. 9 seeks communications which, even if they existed, seek confidential information of third parties. Id. at 91. Finally, Top 10 argues no additional documents exist with respect to RFP No. 11. Id. at 97.

The Court finds requests for documents regarding sales activity of, and communications with, "other retailers of Hey Dude shoes" contained in RFP Nos. 1 and 9 are not overbroad or irrelevant to the extent that Top 10 possesses such documents. The sales activity of third party Hey Dude retailers forms the basis of Top 10's counterclaim that third party retailers sold Hey Dude shoes at unauthorized prices. In other words, any proof Top 10 has in its possession regarding such unauthorized sales, and any communications with these retailers, is relevant to Top 10's assertion that it could not effectively compete.

Moreover, Top 10 argues it has provided a specific Bates stamped document in response to RFP No. 1 and states it has provided "emails" of the communications responsive to RFP No. 9 and all communications responsive to RFP No. 11, and/or that no such communications exist. JS at 72. Such responses appear contradictory, and require clarification. Top 10's responses should set forth the Bates number of any document that was previously produced. In addition, to the extent Top 10 alleges no documents exist, Top 10 has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested); see also Burnett v. United States, No. EDCV 15-1707-CAS (KKx), 2016 WL 3392263, at *6 (C.D. Cal. June 14, 2016).

On the other hand, the request for documents of "all communications … with anybody" regarding alleged MAP violations contained in RFP No. 11, could extend to communications Top 10 may have had with its attorney or communications that were prepared in anticipation of this litigation as attorney-product work product. See United States v. Nobles, 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."). Such request, therefore, should be tailored to exclude privileged information.

Accordingly, Top 10's objections to RFP Nos. 1, 9 and 11 on the basis of relevance and overbreadth are OVERRULED. Top 10's objections to RFP No. 11 on the basis of attorney-client privilege and work product doctrine is SUSTAINED and Top 10 shall not be required to disclose any communications that are privileged or constitute attorney-client work product; however, if any

documents have been withheld on this basis, Top 10 must produce a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A).

LYB's Motion to Compel further response to RFP Nos. 1, 9, and 11 is GRANTED for the reasons set forth above. Top 10 shall serve a supplemental response to RFP No. 11 either 1) clarifying that no documents have been withheld on the basis of the attorney-client privilege or work product doctrine, or 2) producing a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A). Top 10 shall also provide a verified response to RFP Nos. 1, 9 and 11 clarifying either 1) all responsive, non-privileged documents in its possession have been produced after a diligent search and reasonable inquiry, and Top 10 shall provide the Bates numbers of the responses that have been previously produced; or 2) after a diligent search and reasonable inquiry, Top 10 has no documents in its possession, custody, or control responsive to the request.

### b. Requests for Production Nos. 3, 7, 12, 15, 20, 21, 26

Request for Production No. 3 seeks: "All DOCUMENTS REGARDING YOUR sales activity of non-Hey Dude shoes including but not limited to the pricing, model and quantity of actual sales and advertised offerings for on online sales forums, including any increase or decrease in sales activity/volume over time." JS at 72.

Request for Production No. 7 seeks: "All DOCUMENTS REGARDING any and all sales projections of non-Hey Dude shoes, including but not limited to any projections prepared by YOU that related to YOUR orders of goods." Id. at 79.

Request for Production No. 12 seeks: "All DOCUMENTS REGARDING COMMUNICATIONS YOU had with any company that YOU purchased shoes from, including but not limited to correspondence and notes REGARDING COMMUNICATIONS." Id. at 98.

Request for Production No. 15 seeks: "All DOCUMENTS REGARDING COMMUNICATIONS YOU had with any person or company that is in the State of California, including but not limited to correspondence and notes REGARDING COMMUNICATIONS." Id. at 111.

Request for Production No. 20 seeks: "DOCUMENTS sufficient to identify all orders that you placed with other companies for the purchase of shoes." Id. at 119.

Request for Production No. 21 seeks: "DOCUMENTS sufficient to identify all payments that you made to other companies for the purchase of shoes." Id. at 125.

Request for Production No. 26 seeks: "DOCUMENTS sufficient to identify the sales price, revenue, and other financial data RELATING to YOUR sale of non-Hey dude shoes." Id. at 152.

Top 10 objects to these RFPs on the basis they are (a) overbroad, (b) encompass information and products that are not at issue and are irrelevant to any claim or defense, and (c) are not proportional to the needs of the case. Id. at 72, 79, 98, 111, 119, 125, 152. For each RFP, Top 10 provides essentially the same substantive response, stating Top 10 either: (a) does not have the requested documentation; (b) has limited its search to responsive material concerning [Top 10's]

items that are covered by an asserted claim in the suit" and will produce copies of such responsive documents on July 30, 2020; or (c) has already produced such documentation. Id.

As set forth above in Section III.C.2.c., LYB has failed to establish discovery regarding Top 10's other shoe suppliers is relevant to the claims and counterclaims in this action and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). The Court, once again, finds the burden and expense of the proposed RFPs outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C).

Accordingly, Top 10's objections based on overbreadth, relevance, and proportionality are SUSTAINED and LYB's Motion to Compel further response to RFP Nos. 3, 7, 12, 15, 20, 21, and 26 is DENIED. However, to the extent Top 10 has already provided information in response to these requests, the Court encourages Top 10 to avoid unnecessary confusion and delay by specifically 1) identifying whether such information has been produced, and 2) identifying all documents by Bates number.

### c. Request for Production No. 14

Request for Production No. 14 seeks: "All DOCUMENTS RELATING to the statement on the www.top10sports.com website that 'It's been a steady growth from a small town in South Dakota to expanding in all 50 states across US,' including but not limited to YOUR activity in the State of California." JS at 105.

Top 10 objects to this RFP on the basis it is (a) overbroad, (b) encompasses information and products that are not at issue and are irrelevant to any claim or defense, and (c) is not proportional to the needs of the case. Id. at 105-06. Top 10 provides it has "limited its search to responsive material concerning [Top 10's] items that are covered by an asserted claim in the suit" and will produce copies of such responsive documents. [Top10] ha[s] produced all documents that pertain to this request and has no other documents within its possession or control." Id. at 106.

LYB argues such response is evasive and contradictory. Id. at 106. LYB also argues that since Top 10 initially filed a motion to dismiss based on lack of personal jurisdiction, arguing "it has no California activities related to this lawsuit", the information is relevant. Id. LYB also asserts such "background information" sought by RFP No.14 is relevant to "how and where [Top 10] conducts its sales, including for the Hey Dude shoes," and for a "comparison of [Top 10's] ordering and related shoe sales." Id. at 107.

The Court is not persuaded by LYB's tangential reasoning and finds the request is so overbroad as to make it difficult to discern what is actually being sought. In addition, Top 10's business expansion across the U.S. and documents related thereto, even if they could be identified, are not relevant to the MAP or the sale of Hey Dude products, which were solely purchased from LYB and not from any other supplier. Top 10's jurisdictional argument has been addressed by the Court. LYB has, therefore, not met its "burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC, 2013 WL 6354419, at *2.

Accordingly, Top 10's objections based on overbreadth, relevance, and proportionality are SUSTAINED and LYB's Motion to Compel further response to RFP No. 14 is DENIED.

####    d.      Request for Production No. 16

Request for Production No. 16 seeks: "All agreements YOU entered into with LYB, including but not limited to DOCUMENTS RELATING to orders placed by YOU and goods shipped to YOU." JS at 117.

Top 10's Supplemental Response provides that "All agreements were provided to propounding party." Id. at 117-18.

LYB argues the response is incomplete because it does not state all other documents, such as Top 10's orders and invoices with LYB, have been produced. Id. at 118-19.

Top 10 shall provide a verified response to RFP No. 16 clarifying either 1) all responsive, non-privileged documents in its possession have been produced after a diligent search and reasonable inquiry, including sales orders and invoices, and Top 10 shall provide the Bates numbers of the responses that have been previously produced; or 2) after a diligent search and reasonable inquiry, Top 10 has no documents in its possession, custody, or control responsive to the request.

Accordingly, LYB's Motion to Compel further response to RFP No. 16 is GRANTED.

####    e.      Request for Production Nos. 22, 23, 24

Request for Production No. 22 seeks "All DOCUMENTS RELATING to AMAZON and Hey Dude shoes, including but not limited to COMMUNICATIONS, contracts, or agreements, all postings, submissions and sales offerings, internal notes or data REGARDING such matters." Id. at 131.

Request for Production No. 23 seeks "All DOCUMENTS RELATING to Walmart and Hey Dude shoes, including but not limited to COMMUNICATIONS, contracts or agreements, all postings, submissions, and sales offerings, internal notes or date REGARDING such matters." Id. at 139.

Request for Production No. 24 seeks "All DOCUMENTS RELATING to Fulfilled by Amazon ("FBA") sales of Hey Dude shoes, including but not limited to DOCUMETNS RELATING to internal discussions of any decision by YOU concerning the FBA sales model, all sales via FBA, all goods shipped to Amazon and/or customer via FBA, data REGARDING all such sales, offerings and shipments/storage, and all COMMUNICATIONS YOU had with Amazon." Id. at 145.

Top 10 objects to these RFPs on the basis they are (a) overbroad, (b) encompass information and products that are not at issue and are irrelevant to any claim or defense, and (c) are not proportional to the needs of the case. Id. at 131-146. Top 10 further states it has already produced such documentation. Id.

The Court finds that specific agreements between Top 10 and Amazon and Walmart, as well as all sales postings and data related to Top 10's sale of Hey Dude shoes on Amazon and Walmart platforms, is highly relevant to LYB's claim in the Complaint that Top 10 sold Hey Dude shoes at unauthorized prices and on unauthorized websites, such as Walmart. See dkt. 1, Compl. at ¶¶ 13-14

(alleging that in 2018, Top 10 violated the MAP Agreement by advertising Hey Dude products below the minimum required price and by selling Hey Dude products on unauthorized websites, including Walmart.com).

Accordingly, Top 10's objections based on overbreadth, relevance, and proportionality are OVERRULED and LYB's Motion to Compel further response to RFP Nos. 22, 23, and 24 is GRANTED.

### E.     ATTORNEY'S FEES

LYB seeks an order requiring Top 10 to pay sanctions in the amount of "$12,706.00 plus the fees associated with the supplemental brief and hearing."  JS at 161.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  FED. R. CIV. P. 37(a)(5)(C).

Here, LYB's Motion to Compel is granted in part and denied in part.  The Court, therefore, finds an award of expenses not warranted under these circumstances.  Hence, LYB's request for an award of its attorney's fees incurred in bringing the Motion to Compel is DENIED.

### IV. CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that LYB's Motion to Compel is GRANTED IN PART and DENIED IN PART.  Accordingly, **no later than February 8, 2021**, Top 10 shall serve verified supplemental responses to the Discovery Requests as set forth above.