**WALTERS LAW GROUP**
Christopher L. Walters, Esq. (SBN 205510)
1901 First Avenue, Second Floor
San Diego, CA 92101
Telephone: (619) 888-5759
clw@walters-law-group.com

*Attorneys for Plaintiff/Counter-Defendant*
*Lever Your Business, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION - RIVERSIDE**

LEVER YOUR BUSINESS, INC., a California corporation

Plaintiff,

v.

SACRED HOOPS & HARDWOOD, INC., a South Dakota corporation d/b/a TOP 10 SPORTS and/or TOP10SPORTS.COM,

Defendant.

Case No. 5:19-cv-01530-CAS-KK

**PLAINTIFF'S FIRST EX PARTE APPLICATION FOR SANCTIONS OR IN THE ALTERNATIVE CONTINUATION OF DISCOVERY CUT-OFF, EXPEDITED BRIEFING AND HEARING ON MOTION FOR SANCTIONS**

Judge: Hon. Kenly Kiya Kato
Courtroom: 3 or 4, 3rd Floor

**<u>OPPOSED</u>**

## TABLE OF CONTENTS


I. INTRODUCTION AND SUMMARY OF ARGUMENT .......... 1

II. FACTUAL BACKGROUND – EVIDENCE TO SUPPORT SANCTIONS AND REQUESTED EX PARTE RELIEF .......... 6

A. The Hey Dude Shoe Sales Evidence Is Critical To The Claims And Defenses In This Case – That Evidence Preservation Should Have Commenced July 2019 .......... 6

B. The Court's January 25, 2021 Order On Plaintiff LYB's Motion To Compel – Defendant Top10 Was Ordered To Produce Hey Dude Sales Information .......... 8

C. Defendant Top10 Provides False Statements In Its February 8, 2021 Sworn Supplemental Responses To Special Interrogatory Nos. 10-12 .......... 9

D. Defendant's Third Supplemental Responses – More False Statements .......... 10

E. Top10 Provides False Statements In Its Court-Ordered Supplemental Special Interrogatory Responses As Top10 Still Maintains An Amazon Store But Has Changed The Name To Back Alley Apparel .......... 13

F. Defendant Top10's Second Supplemental Responses To Request For Production No. 22 Claims That It Has No Documents Relating To Amazon And Hey Dude Shoes – That Is Not A Credible Response .......... 14

III. EX PARTE STANDARD .......... 15

IV. DEFENDANT'S FAILURE TO COMPLY WITH THE COURT'S ORDER JUSTIFIES SANCTIONS .......... 16

A. Terminating Sanctions Are Appropriate .......... 17

B. Evidentiary Sanctions Are Appropriate .......... 21

C. Monetary Sanctions Are Appropriate .......... 21

V. DEFENDANT HAS SPOLIATED CRITICAL HEY DUDE SHOE

SALE EVIDENCE – SANCTIONS ARE APPROPRIATE .......................... 22

A. Defendant Spoliated Hey Dude Sales Information .................................. 22

B. Spoliation Sanctions Are Proper – Terminating, Evidentiary, And Monetary ........................................................................................ 24

VI. IF THE COURT IS NOT INCLINED TO PRESENTLY ISSUE SANCTIONS A 120-DAY CONTINUANCE OF THE JULY 6, 2021 DISCOVERY CUT-OFF (FOR PLAINTIFF LYB ONLY) AND THE RELATED TRIAL DATES, AND AN EXPEDITED BRIEFING AND HEARING SCHEDULE FOR PLAINTIFF'S MOTION FOR SANCTIONS IS APPROPRIATE ......................................................................... 25

VII. CONCLUSION ........................................................................... 25

## TABLE OF AUTHORITIES

**CASES** **PAGE**

Adriana Int'l Corp. v. Thoeren,
913 F.2d 1406 (9th Cir. 1990) ........ 20

Biselli v. County of Ventura,
2021 WL 2061688 (C.D. Cal. June 4, 2012) ........ 22

Bratton v. Ontario Police Dep't.,
2013 WL 6798003 (C.D. Cal. Dec. 17, 2013) ........ 19

Columbia Pictures v. Bunnell,
2007 WL 4877701 (C.D. Cal. Dec. 13, 2007) ........ 24

Connecticut General Life Insurance Co. v. New Images of Beverly Hills,
482 F.3d 1091 (9th Cir. 2007) ........ 17

CTC Global Corp. v. Huang,
2019 WL 6357271 (C.D. Cal. July 3, 2019) ........ 22

Henderson v. Duncan,
983 F.2d 943 (9th Cir. 1986) ........ 18

Henry v. Gill Industries, Inc.,
983 F.2d 943 (9th Cir. 1993) ........ 18

Hester v. Vision Airlines, Inc.,
687 F.3d 1162 (9th Cir. 2012) ........ 21

Horne v. Wells Fargo Bank N.A.,
969 F. Supp. 2d 1203 (C.D. Cal. 2013) ........ 16

In re Napster, Inc. Copyright Litig.,
462 F. Supp. 2d 1060 (N.D. Cal. 2006) ........ 22

In re Phenylpropanolamine (PPA) Products Liability Litig.,
460 F.3d 1217 (9th Cir. 2006) ........ 19, 20, 21

Kopitar v. Nationwide Mutua Insurance Co.,
266 F.R.D. 493 (E.D. Cal. 2010) ........ 24

Leon v. IDX Systems, Corp.,
464 F.3d 951 (9th Cir. 2006) ........ 22, 24

Meeks v. Wells Fargo Bank.,
2014 WL 295171 (E.D. Cal. Jan. 27, 2014) ........ 19

Projects Management Co. v. Dyncorp Int'l LLC,
734 F.3d 366 (4th Cir. 2013) ........ 17

Realnetworks, Inc. v. DVD Copy Control Ass'n,
264 F.R.D. 517 (N.D. Cal. 2009) ........ 24

Residential Funding Corp. v. DeGeorge Fin'l Corp.,
306 F.3d 99 (2nd Cir. 2002) ........ 17

Sanchez v. Rodriguez,
298 F.R.D. 460 (C.D. Cal. March 18, 2014) ........ 18, 20

SEC v. Razmilovic,
738 F.3d. 14 (2nd Cir. 2013) ........ 17

Toth v. Trans World Airlines, Inc.,
862 F.2d. 1381 (9th Cir. 1988) ........ 17, 18

Unigard Security Insurance Co. v. Lakewood Engineering and Manufacturing Corp.,
982 F.2d 363 (9th Cir. 1992) ........ 17

Universal Health Group v. Allstate Insurance, Co.,
703 F.3d 953 (6th Cir. 2013) ........ 17

United States ex rel. Wiltec Guam, Inc. v. Kahaluu Construction Co., Inc.,
857 F.2d 600 (9th Cir. 1988) ........ 17

Valley Engineers Inc. v. Electric Engineering Co.,
158 F.3d 1051 (9th Cir. 1998) ........ 18

Wyle v. R.J. Reynolds Indutries, Inc.,
709 F.2d. 585 (9th Cir. 1983) ........ 17

**Federal Statutes, Rules & Regulations** **Page**

Fed. R. Civ. Proc. 26(e)(1) .......... 1

Fed. R. Civ. Proc. 37(b)(2) .......... 17

Fed. R. Civ. Proc. 37(b)(2)(c) .......... 21

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Sacred Hoops & Hardwood, Inc. dba Top 10 Sports and/or top10sports.com ("Defendant"/"Top10") has failed to comply with the Court's January 25, 2021 discovery order ("Order")[1] and has violated its discovery obligations under the Federal Rules. This includes the submission of false and inaccurate statements in their supplemental special interrogatory responses made under oath, about when and if Defendant stopped selling Hey Dude shoes on Amazon. Further, Defendant Top10 has failed to preserve all Hey Dude shoe sales information from its Amazon (and other platforms) sales. Such information is critical to this matter (including Defendant's Cross-Claims and Plaintiff's Defenses) as the damages asserted by Defendant are based on its inability to profitably sell the Hey Dude shoes on Amazon and such evidence also relates to the claims Plaintiff has made against Defendant. Despite having an affirmative obligation under Federal Rule of Civil Procedure (FRCP) 26(e)(1) to supplement or correct their discovery responses, Defendant has failed to do so and has spoliated critical evidence in this case. When confronted with its obligations to provide up to date supplemental responses, Defendant submitted responses that contained further inaccurate statements and attempted to conceal its misconduct by changing its name on Amazon. This type of gamesmanship has prejudiced Plaintiff and its ability to prepare for trial in this matter. Plaintiff seeks litigation and monetary sanctions, and also seeks time to conduct additional discovery regarding these matters.

The timeline of events shows very clearly: (1) Defendant knew it was under an obligation to preserver and retain documents relating to its online sales activity (including Amazon) since at least July 2019; (2) Defendant's sworn responses are false and in fact, Defendant's own statements contradict themselves, including its statements regarding the closure of the Amazon account; (3) Defendant has engaged in substantial

[1] The Court's January 25, 2021 order was on Plaintiff's, Lever Your Business, Inc. ("Plaintiff"/"LYB"), motion to compel further responses to requests for admission, special interrogatories, and requests for production. [Dkt. Nos. 50, 53.].

efforts, including changing the name of its storefront, to conceal its sales activity on Amazon. Such misconduct should result in this Court's imposition of significant sanctions against Sacred Hoops.

- July 10, 2019: Counsel for LYB sends letter to counsel for Sacred Hoops alleging that Sacred Hoops has violated the contract by selling Hey Dude shoes below MAP. [Walters Decl., ¶ 3.]
- August 15, 2019: LYB files its Complaint alleging "In 2018, Defendant Top10 violated the MAP Agreement by advertising and selling certain Hey Dude shoes below the minimum required advertised price, including sales on online sales platforms. LYB incurred damages as a result of these breaches by Top10." [Complaint, ¶18.]
- May 15, 2020: Plaintiff propounds discovery upon Sacred Hoops seeking information regarding Sacred Hoops' actions relating to LYB/Hey Dude shoes, including Special Interrogatory Nos. 11, 12, 13 and Request for Production Nos. 22, 23, 24.
- July 8, 2020: Plaintiff responds to discovery but fails to provide substantive responses or documents.
- July 30, 2020: Defendant serves Supplemental Responses which also failed to provide substantive responses, documents. ***In these Supplemental Responses, Defendant did NOT state that they no longer had access to information/ documents because of the closing of the Amazon account.***
- September 14, 2020: Plaintiff files a Motion to Compel regarding these discovery responses. [This motion was refiled on November 24, 2020 after further meet and confer sessions between the Parties.]
- January 25, 2021: The Court issued an order on the Motion to Compel granting in part and denying in part. [Dkt. No. 53]
  - "The ***Court finds that specific agreements between Top 10 and Amazon and Walmart, as well as all sales postings and data related to Top 10's sale of Hey Dude shoes on Amazon and Walmart platforms, is highly relevant*** to LYB's claim in the Complaint"
  - The Court ordered service of Second Supplemental Responses to Special Interrogatory Nos. 11, 12, 13 and Request for Production Nos. 22, 23, 24.
- February 8, 2021: Sacred Hoops served Second Supplemental Responses but did not produce the information/documents ordered by the Court. [Exh. B.]
  - Sacred Hoops did not provide substantive responses to Special Rog Nos. 11, 12 stating: "After a diligent search and reasonable inquiry, ***Responding Party is not in possession of any specific information in response to Special Interrogatory No. 11***. … ***Responding Party closed its accounts with Amazon and Yahoo***. … Responding Party does not have in its possession or keep any records of any offerings or advertisements requested by LYB. … ***Responding Party no longer sells products on Amazon or Wal-Mart and has been denied access to both the Amazon and Wal-Mart retail client portals***. As a result, Responding Party is not in possession of any additional information responsive to Special Interrogatory No. 12."

  - Defendant also served Second Supplemental Responses to Requests for Production Nos. 22, 23, 24 which stated "After a reasonable search and inquiry, ***Defendant is not in possession of any documents responsive to this request***. *See,* also, Responding Party's second supplemental response to Special Interrogatory No. 11."
- February 10, 2021: Plaintiff presented evidence to Defendant's counsel that Sacred Hoops was continuing to sell Hey Dude shoes on Amazon (and at prices below MAP). [Exh. C.]
- March 1, 2021: LYB's counsel sends Sacred Hoops' counsel an email reminding Sacred Hoops of its duty to supplement its discovery responses. "Sacred Hoops is under an obligation to supplement its earlier disclosures and discovery responses as it learns of new information/documents… As we discussed earlier, Sacred Hoops is currently advertising for sale Hey Dude shoes (or at least it was doing so last month). Such information is clearly relevant and responsive to earlier discovery requests. Yet, Sacred Hoops failed to disclose its ongoing sale of Hey Dude shoes."
- March 12, 2021: Defendant served Third Supplemental Responses. In response to Special Interrogatory Nos. 10, 11, 12, Defendant stated "…Responding Party is no longer selling Hey Dude Shoes on either Amazon or Walmart. ***Responding Party terminated its Amazon agreement on or around March 8, 2021***. Responding Party terminated its Walmart agreement in or around July 2020." [Exh. D.]
- February 10, 2021- March 15, 2021: ***Defendant changes its storefront name on Amazon to Back Alley Apparel***. The Back Alley Apparel page states: "Welcome to Top 10 Sports … Family owned and operated, Top 10 Sports has come a long way from its beginnings in the small town of Winner, South Dakota … Business Name: Sacred Hoops and Hardwood, Inc." [Exh. G.]

Significantly, while allegedly claiming under oath in its second supplemental discovery responses, dated February 8, 2021, that it "no longer sells products on Amazon or Wal-Mart and has been denied access to both the Amazon and Wal-Mart retail client portals", Plaintiff learned that Defendant was in fact still selling products, including Hey Dude shoes, on Amazon. On February 10, 2021, Plaintiff's counsel confronted Defendant's counsel with proof that Defendant was still selling Hey Dude shoes on Amazon. This revealed the falsity of Defendant's earlier sworn statements regarding Amazon sales. Instead of timely addressing the false statements, correcting them, and providing the responsive information, Plaintiff had to remind Defendant of its obligation to supplement the responses and request the service of such supplemental responses. Defendant waited nearly a month before submitting third supplemental

special interrogatory responses on March 12, 2021. In these responses, instead of providing the Hey Dude sales information that the Court's Order required, Defendant instead still claimed it does not engage in any Amazon sales, but now added, in part, that it "terminated its Amazon agreement on or around **March 8, 2021**" – a mere ***four days before serving its third supplemental responses*** – and "terminated its Walmart agreement in or around July 2020." Defendant's responses are that Defendant did not preserve data regarding its sales of Hey Dude shoes on these two websites (information that is absolutely relevant to this litigation and was the subject of a Court order). Not only had Defendant continued to fail to comply with the Court's Order, and provide contradictory and false statements under oath, it was now stating that it was intentionally engaging in efforts to deny access to, and to not preserve, this critical evidence by terminating the Amazon and Walmart agreements.

However, Defendant's bad faith and egregious behavior does not stop there. Plaintiff has learned that Defendant Top10 is still selling Hey Dude shoes and other items on Amazon. After being confronted by Plaintiff with proof of its sales in February 2021, Defendant changed its storefront name on Amazon to "Back Alley Apparel" in an attempt to conceal its Amazon activity, including sales of Hey Dude shoes.



This shows that: (i) the Second Supplemental Responses (served on 2/8/21) stating that there were no longer any sales on Amazon as of February 2021 and the Third Supplemental Responses stating that the Amazon account was closed on March 8, 2021 were both false; (ii) Defendant's statement that it no longer has access to Amazon data was false; and (iii) Defendant has violated the Court's order to provide documents (and done so willingly by submitting false sworn discovery responses and trying to conceal its activity on Amazon by changing its storefront name) that it still does have since there remains an active Amazon account. The simple fact is that either Sacred Hoops is refusing to produce documents and data regarding its Amazon activity or it has spoliated such documents and data. Both constitute willing and intentional violations of both the Court Order and the Federal Rules. Sacred Hoops understands its guilt, and this is why it has tried to conceal its misconduct (including the attempt to conceal its sales activity on Amazon that Plaintiff was forced to research & discover). Sacred Hoops should be sanctioned.

Defendant has engaged in discovery gamesmanship, submitted false statements under oath, flouted the Court's Order, intentionally failed to preserve critical evidence in this case, and is now apparently hiding sales information through another Amazon storefront (Back Alley Apparel which is the new name for Sacred Hoops). Plaintiff LYB is months away from the July 6, 2021 discovery cut-off, and does not and cannot know what Hey Dude sales information Defendant Top10 has spoliated or is intentionally withholding or hiding, including under their Back Alley Apparel storefront sales. Thus, Plaintiff LYB has been denied the ability to fully prosecute its claims and establish its defenses to the countercomplaint. All of these circumstances require emergency intervention from the Court.

Plaintiff LYB seeks the following ex parte relief from the Court for Defendant Tope10's failure to comply with the Court's Order, spoliating evidence, and for discovery misuse and bad faith: (a) terminating sanctions against Defendant Top10 as to its Cross-Complaint; (b) evidentiary sanctions against Defendant Top10 –

specifically, that Defendant Top10 may not submit any evidence of its alleged damages or offer any evidence regarding the activity of Top10 or any other vendor on any website that it has not produced discovery for; (c) monetary sanctions against Defendant Top10 in the amount of $9,002.00 for the attorneys' fees and costs associated with this ex parte application; (d) a finding that Defendant is in contempt of the Court's Order and ordering Defendant to provide additional supplemental responses in compliance with the Court's Order, and to produce all Hey Dude sales information in its possession, custody, and control relating to any Hey Dude sales up through the present date; and (e) a 120-day continuation of the July 6, 2021 discovery cut off for Plaintiff LYB only such that Plaintiff LYB can obtain the Hey Dude sales information relating to the Court's Order and then take appropriate depositions.

In the alternative, Plaintiff LYB asks this Court to (i) order a 120-day continuance of the July 6, 2021 discovery cut off for Plaintiff LYB only such that Plaintiff LYB can obtain the Hey Dude sales information relating to the Court's Order and then take appropriate depositions, and (ii) set an expedited briefing schedule and hearing for Plaintiff LYB's motion for sanctions for Defendant Top10's misconduct.

## II. FACTUAL BACKGROUND – EVIDENCE TO SUPPORT SANCTIONS AND REQUESTED EX PARTE RELIEF

### A. The Hey Dude Shoe Sales Evidence is Critical to the Clams and Defenses in This Case – That Evidence Preservation Should Have Commenced July 2019

On July 10, 2019, prior to filing this lawsuit, Plaintiff LYB's attorney sent a demand letter to Defendant Top10's attorney stating that Top10 had breached the shoe sales contract between LYB and Top10 (the Minimum Advertising Policy ("MAP Agreement")) by selling Hey Dude shoes (the line of goods that LYB sold to Top10) below the required minimum contract price and for selling Hey Dude shoes on unauthorized retail website platforms. [Declaration of Christopher Walters ("Walters Dec."), ¶ 3.]. Thus, Defendant was aware as early as July 2019 that it was potentially

subject to a legal action relating to its sales of Hey Dude shoes and should have been preserving, from that time and moving forward, all evidence relating to those Hey Dude sales, including but not limited to data regarding Top 10's sales activity on the Amazon and Walmart websites (both were specifically mentioned in the July 10, 2019 letter. As discussed herein, it is clear that in July 2019 Top 10 had the ability to collect/retain such data as per Top 10's sworn discovery responses the Walmart account was not closed until July 2020 and the Amazon account was not closed until March 2021 [although the evidence shows that Top 10 maintains an Amazon account today].

On August 15, 2019, Plaintiff LYB filed its complaint against Defendant Top10 asserting claims for breach of contract, unfair competition, and conversion. [Dkt. 1, Compl.]. LYB alleges that Top10, (a) breached the MAP Agreement entered into by the parties in February 2017 by selling LYB's Hey Dude show line at unauthorized prices and on unauthorized websites, (b) failed to pay invoices for, or return orders of, $116,000 worth of Hey Dude shoes purchased from LYB in 2018, and (c) engaged in unfair competition. [Id.].[2] Thus, at least ***no later than August 15, 2019, Defendant Top10 was fully aware that its Hey Dude sales (and related evidence) were key evidence in this case and that Top10 had a duty to preserve that information*** then and at all times moving forward.

On March 20, 2020, Defendant Top10 filed its First Amended Answer and Countercomplaint ("FAAC") alleging breach of contract (MAP Agreement), breach of implied contract, and breach of the implied covenant of good faith and fair dealing. [Dkt. 32.].[3] The FAAC alleges LYB breached the express and implied terms of the MAP Agreement by not enforcing minimum pricing requirements against competing sellers of Hey Dude products, which caused Top10 to become "unable to compete with

---

[2] Only the breach of contract claim remains after the Court's December 23, 2019 Order on Defendant Top10's motion to dismiss.

[3] The only claims that remain in the FAAC are the breach of implied contract and breach of the implied covenant of good faith and fair dealing.

other dealers of Hey Dude products." [Id. ¶ 17.]. The documents, data and information regarding Defendant Top10's Hey Dude sales, including all online sales such as Amazon and Walmart, are critical evidence relating to the FACC, in addition to Plaintiff's claims in the Complaint.

***Prior to the closing of either the Walmart or Amazon account, Defendant knew that the data relating to these two accounts (in addition to Zentail and any other databases/accounts) was material evidence.*** Such evidence relates to both the allegations and claims in the Complaint and the FACC, as well as Plaintiff's defenses to the FACC. The sworn discovery responses (discussed below) make clear that Defendant failed to retain such evidence after it knew of the relevance of such evidence.

### B. The Court's January 25, 2021 Order on Plaintiff LYB's Motion to Compel – Defendant Top10 was Ordered to Produce Hey Dude Sales Information.

On January 25, 2021, the Court issued the Order granting in part and denying in part Plaintiff LYB's motion to compel further response to requests for admissions, special interrogatories, and requests for production. [Dkt. 53.] The Court ordered Defendant Top10 to provide further verified responses to Special Interrogatory Nos. 10-14, and Requests for Production Nos. 1, 9, 11, 16, and 22-24 by no later than February 8, 2021. [Id. at pp. 13-14, 16, 19]. Special Interrogatory Nos. 10-12 required that Top10 identify all sales of Hey Dude shoes (including on Amazon, Walmart), all Hey Dude sales offerings or advertisements (including on Amazon, Walmart), and all Hey Dude sales revenues and profits. [Id. at pp 11-12.]. Request for Production Nos. 22 and 24 required that Top10 produce all documents relating to Hey Dude shoes and Amazon, and relating to Hey Dude sales sold via Fulfilled by Amazon ("FBA"). [Id. at p. 18.]. As detailed below, Top10 failed to provide complete, substantive responses to these particular requests in defiance of the Court's order.

### C. Defendant Top10 Provides False Statements in its February 8, 2021 Sworn Supplemental Responses to Special Interrogatory Nos. 10-12.

On February 8, 2021, Defendant Top10 provided its Second Supplemental Responses to Special Interrogatory Nos. 10-12, which state, in relevant part, as follows [emphasis added]:

> After a diligent search and reasonable inquiry, Responding Party is not in possession of any other specific information in response to Special Interrogatory No. 10. Responding Party receives sales reports through its Amazon and Wal-Mart portal every two weeks. Unfortunately, the report is not broken down by products sold, but provides an overall sales revenue of all products sold under Responding Party's account. ***However, Responding Party no longer sells products on Amazon or Wal-Mart and has been denied access to both the Amazon and Wal-Mart retail client portals. As a result, Responding Party is not in possession of any additional information responsive to Special Interrogatory No. 10.***
>
> After a diligent search and reasonable inquiry, ***Responding Party is not in possession of any specific information in response to Special Interrogatory No. 11***. Following systematic violations of the MAP Policy by other retailers of Hey Dude Shoes, LYB' s promises to take immediate action to prohibit additional MAP Policy violations by other retailers, and the ultimate break down of the relationship between LYB and Responding Party, ***Responding Party closed its accounts with Amazon and Yahoo.*** Furthermore, ***Responding Party closed its account with Zentail***, which was Responding Party's inventory management system. Additionally, ***Responding Party does not have in its possession or keep any records of any offerings or advertisements requested by LYB.*** As a result, Responding Party is not in possession of any additional information responsive to Special Interrogatory No. 11.
>
> Responding Party receives sales reports through its Amazon and Wal-Mart portal every two weeks. Unfortunately, the report is not broken down by products sold, but provides an overall sales revenue of all products sold under Responding Party's account. ***However, Responding Party no longer sells products on Amazon or Wal-Mart and has been denied access to both the Amazon and Wal-Mart retail client portals. As a result, Responding Party is not in possession of any additional information responsive to Special Interrogatory No. 12.***

[Walters Dec. ¶ 5, Exh. B.]. While Defendant Top10 stated that as of February 8, 2021 it “**no longer sells products on Amazon”, this was a false statement (*under oath*).** Plaintiff LYB discovered that Defendant Top10 was, in fact, still selling Hey Dude shoes on Amazon including up through at least February 2021.

On February 10, 2021, Plaintiff LYB’s attorney sent a letter to Top10’s counsel providing screen shots showing proof that Top10 was still selling Hey Dude shoes on Amazon as of February 10, 2021 – Amazon Hey Dude shoe listings that reflected

"shipped from" and "sold by" "Top 10 Sports". [Walters Dec, ¶ 6, Exh. C.]. In response to this conversation and the screenshots, Top10's counsel did not deny that it was selling on Amazon or that its sales violated the MAP restrictions. Rather, Top10 stated that it was not bound by the MAP restrictions due to LYB's conduct and therefore was not restricted in its sales activity.[4]

> After reviewing the information you provided regarding my clients' alleged sale of Hey Dude Shoes on Amazon together with applicable law, my conclusion is that my client Sacred Hoops & Hardwood, Inc. ("SH") is not obligated to continue performing under the MAP Agreement. Therefore, I do not believe my client has any duty not to sell its remaining Hey Dude Shoes on Amazon. *** SH is no longer obligated to perform under the Agreement, since continued performance would result in unjust enrichment to LYB. Although there are certainly factual disputes between the parties in this matter, SH is unwilling to reconsider its position on this issue at this time.

Exhibit I (response letter from Ms. Stokes). The Parties were unable to resolve the matter regarding Sacred Hoops' continued sales on Amazon, so Lever Your Business continued to press forward and demanded discovery regarding Sacred Hoops' sales activity relating to Lever Your Business/Hey Dude shoes, including ongoing activity on Amazon.

**D. Defendant's Third Supplemental Responses – More False Statements**

After Defendant's counsel received proof of Top 10's continued Hey Dude sales on Amazon, Top 10 failed to supplement its earlier, false discovery responses. On March 1, 2021, LYB sent a letter to Defendant demanding that further supplemental responses be supplied (to comply with this Court's Order as well as the Federal Rules).

> Pursuant to Federal Rules of Civil Procedure, Rule 26, Sacred Hoops is under an obligation to supplement its earlier disclosures and discovery responses as it learns of new information/ documents. "(e) Supplementing Disclosures and Responses. (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns

[4] Plaintiff disputes this point, but the propriety of Defendant's actions [and resulting damages incurred by Plaintiff] will be a matter determined at trial.

> that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Rule 26(e). ***As we discussed earlier, Sacred Hoops is currently advertising for sale Hey Dude shoes (or at least it was doing so last month).*** Such information is clearly relevant and responsive to earlier discovery requests. Yet, Sacred Hoops failed to disclose its ongoing sale of Hey Dude shoes. Please provide supplemental disclosures and discovery responses by ***March 14, 2020***, including but not limited to additional information/documents that were generated/discovered after the initial disclosures and responses.

Exh. I. Recognizing LYB's right to such information, Defendant provided third supplemental responses to Special Interrogatory Nos. 10-12 on March 12, 2021. Top10 continued to not provide the required information and made additional false statements regarding its accounts (including statements that contradicted Top10's earlier sworn statements). Those third supplemental responses provide in relevant part as follows:

> After a diligent search and reasonable inquiry, Responding Party is not in possession of any other specific information in response to Special Interrogatory No. 10. Responding Party receives sales reports through its Amazon and Wal-Mart portal every two weeks. Unfortunately, the report is not broken down by products sold, but provides an overall sales revenue of all products sold under Responding Party's account. ***Additionally, Responding Party is no longer selling Hey Dude Shoes on either Amazon or Walmart. Responding Party terminated its Amazon agreement on or around March 8, 2021. Responding Party terminated its Walmart agreement in or around July 2020.*** As a result, Responding Party is not in possession of any additional information responsive to Special Interrogatory No. 10.
>
> After a diligent search and reasonable inquiry, Responding Party is not in possession of any specific information in response to Special Interrogatory No. 11. Following systematic violations of the MAP Policy by other retailers of Hey Dude Shoes, LYB's promises to take immediate action to prohibit additional MAP Policy violations by other retailers, and the ultimate break down of the relationship between LYB and Responding Party. Furthermore, Responding Party closed its account with Zentail, which was Responding Party's inventory management system. ***Additionally, Responding Party does not have in its possession or keep any records of any offerings or advertisements requested by LYB. Moreover, Responding Party is no longer selling Hey Dude Shoes on either Amazon or Walmart. Responding Party terminated its Amazon agreement on or around March 8, 2021. Responding Party terminated its Walmart agreement in or around July 2020***. As a result, Responding Party is not in possession of any additional information responsive to Special Interrogatory No. 11.

> Responding Party receives sales reports through its Amazon and Wal-Mart portal every two weeks. Unfortunately, the report is not broken down by products sold, but provides an overall sales revenue of all products sold under Responding Party's account. ***Additionally, Responding Party is no longer selling Hey Dude Shoes on either Amazon or Walmart. Responding Party terminated its Amazon agreement on or around March 8, 2021. Responding Party terminated its Walmart agreement in or around July 2020.*** As a result, Responding Party is not in possession of any additional information responsive to Special Interrogatory No. 12.

(Walters Dec. ¶ 7, Exh. I [emphasis added]). Now, after stating in a verified response on ***February 8, 2021*** that it no longer sold shoes on Amazon or Wal-Mart, and after receiving proof on February 10, 2021 from Plaintiff LYB's counsel that that verified statement was a lie (Walters Dec. ¶ 7, Exh. F), Defendant Top10 was now stating that it closed its Walmart account in July 2020 and the Amazon account on ***March 8, 2021*** – only four days before submitting its March 12, 2021 third supplemental responses (and less than one month after counsel had the discussion where Top10 was confronted with proof of its continued Amazon sales). So, Top10's position was that it closed its Amazon account, Top10 has no access to the data regarding Amazon activity, and Top10 failed to preserve such evidence when it closed the account in March 2021. Top10 uses this as an excuse to justify its failure to produce the information ordered by the Court. Not only is this excuse invalid (there is no reason why Top10 could not have gathered the information prior to March 8, 2021), it is also false as Top10 has in fact not cancelled or closed its Amazon account.

### E. Top10 Provides False Statements In Its Court-Ordered Supplemental Special Interrogatory Responses As Top10 Still Maintains An Amazon Store But Has Changed The Name To Back Alley Apparel.

Defendant Top10 has now stated in two separate verified supplemental responses that it no longer sells Hey Dude shoes or "any products" on Amazon or Wal-Mart. <u>See</u> Exh. B, Exh. E at Special Interrogatory No. 11.

(1) There is a conflict regarding the termination date of the Amazon account: the Second Supplemental Responses state that it happened sometime prior to February 8, 2021, but after being confronted with evidence that this was false, the Third Supplemental Responses state that the account was closed on March 8, 2021.

(2) The sworn statements in both the Second Supplemental and Third Supplemental responses are false as Top10 still maintains an Amazon seller's account.

After being confronted with its false statements in early March 2021 and then compounding its earlier false statements in the Second Supplemental Responses with additional false statements in the Third Supplemental Responses, Top10 attempted to cover its track and conceal its misconduct. Sometime in March 2021, Top10 changed the name of its Amazon account to Back Alley Apparel.

Top10 continued to sell Hey Dude shoes under the Back Alley Apparel name. [Walters Dec. ¶ 10, Exh. G.] Back Alley was simply a name change by Top10. The Back Alley Apparel Amazon seller profile page contains the same contact and address information for, and explicitly says "***Welcome to Top 10 Sports***" and uses the Top 10 address of 225 S. Main St., Winner SD 57528. Exh. G. This same Winner, SD address is on Defendant Top10's retail website at https://top10sports.com.



Thus, Top10 plainly still has an agreement and account with Amazon and is still selling on the Amazon website – this despite the fact that in its March 8, 2021 verified third supplemental responses to Special Interrogatory Nos. 10-12, it attested, under oath, that it terminated its Amazon agreement on March 8, 2021.

Plaintiff LYB has been trying to get the Hey Dude sales information from Defendant Top10 for nearly a year as it served its discovery requests (that were the subject of the Court's Order) in May 2020. Defendant Top10 has evaded providing all responsive information, including:

(i) violating a Court Order;

(ii) submitting false statements under oath in the Second and Third Supplemental Responses; and

(iii) altering the name of its Amazon store in an attempt to conceal its misconduct.

Top10 further claims it can no longer access its Amazon and Wal-Mart Hey Dude sales information, but this lack of access (preservation) was caused by its own intentional acts. Top10 has and had an affirmative obligation to preserve all evidence relating to the Hey Dude sales – a preservation obligation that was triggered at least as early as August 2019 – instead however, it has spoliated this evidence.

**F. Defendant Top10's Second Supplemental Responses to Request for Production No. 22 Claims That It Has No Documents Relating to Amazon and Hey Dude Shoes – That Is Not A Credible Response.**

The Court's Order required Defendant Top10 to provide a supplemental response and documents in response to Request for Production No. 22, which asked for all documents relating to Amazon and Hey Dude shoes, including but not limited to communications, contracts, or agreements, all postings, submissions and sales offerings, internal notes or data regarding these matters. ***Defendant did not produce the documents regarding its sale of Hey Dude shoes on Amazon***.

> After a reasonable search and inquiry, ***Defendant is not in possession of any documents responsive to this request***. See, also, Responding Party's second supplemental response to Special Interrogatory No. 11.

[Walters Dec.¶ 12, Exh. B.]. Defendant's failure to produce documents is not only a blatant violation of the Court's order but its statement that it has no access to such documents is a false statement, further discussed herein, Defendant engaged in dishonest and fraudulent activity to avoid producing such documents.

In its Third Supplemental Responses, Defendant states that it terminated its relationship with Amazon for selling products in March 2021 (and not prior to February 2021 as stated in the Second Supplemental Responses). Defendant offers no excuse on why it could not have produced documents in February 2021 when per its own admission, the Amazon account was active. [If it is true that Defendant has no documents, then Defendant is guilty of spoliation.] Defendant has failed to produce any documents regarding terminating its contracts/agreements with Amazon or any related communications about the same, and that is because it did not terminate the account (but merely changed the name in an attempt to deceive LYB ***and this Court*** into believing the account was terminated).

Additionally, Defendant is maintaining or its storefront on Amazon under the name Back Alley Apparel and is still selling products on Amazon despite its attestations in its Second and Third Supplemental Responses to Special Interrogatory Nos. 10-12. Defendant is withholding responsive, relevant, and critical information.

## III. EX PARTE STANDARD[5]

The filing of an ex parte application is appropriate when "(1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to

[5] Plaintiff LYB's counsel, Christopher Walters, complied with the notice obligations under C.D. Local Rule 7-19.1 and Judge Kato's Procedures. On March 31, 2021, Mr. Walters called Defendant Top 10's counsel, Bonnie Stokes, to inform her of Plaintiff LYB's ex parte application and asked if she would oppose. Ms. Stokes stated that Defendant Top 10 would oppose. Later that day, Mr. Walters emailed Ms. Stokes about the ex parte application confirming that Defendant Top 10 would oppose. [Walters Dec. ¶ 2, Exh A.] Ms. Stokes' contact information is: STOKES O'BRIEN, LLP 333 "C" Street, Suite 202 | San Diego, CA 92101 P: (619) 696-0017 Bonnie@stokesobrien.com.

file an overlong brief or shorten the time within which a motion may be brought)." Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citation omitted).

As set forth above under Section II, Defendant has failed to comply with the Court's Order, has submitted false statements in its verified supplemental discovery responses regarding its Hey Dude shoes sales, including relating to Amazon, and regarding continuing to engage in Amazon sales through another storefront name (Back Alley Apparel), and has failed to preserve critical Hey Dude shoe sale evidence (despite this case pending since August 2019). Plaintiff has tried to address these issues without intervention by the Court, including the request for a Third Supplemental Response. These are critical issues that need to be addressed immediately.

Plaintiff learned of Defendant's misconduct in March and immediately sought to address it with Defendant, including the demand for supplemental responses. See Exh. I. The discovery cut-off is July 6, 2021 and Plaintiff will have insufficient time to obtain the critical discovery it needs to depose Defendant Top10 properly if required to go through a normally noticed motion process. Plaintiff specifically sought this information starting in May 2020. It has continuously pressed Defendant to provide supplemental responses (the latest were the ***third*** supplement) and filed a motion to compel, yet Plaintiff still does not have all of the requested discovery due to Defendant's misconduct. Defendant still refuses to produce such information despite this Court's Order and its affirmative obligation under FRCP 26(e)(1) to supplement and correct its discovery responses and disclosures. Further, Plaintiff LYB also seeks an extension of the July 6, 2021 discovery cut-off date and an expedited briefing schedule and hearing on a motion for sanctions if the Court declines to issue sanctions on an ex parte basis. Based on all of these facts and circumstances, Plaintiff LYB's request for relief is appropriate and this matter should be resolved on an ex parte basis.

## IV. PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER JUSTIFIES SANCTIONS.

FRCP 37(b)(2) authorizes sanctions against a party who "fails to obey an order to provide or permit discovery." The sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FRCP 37(b)(2)(A)(i)-(vii); Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983); United States ex rel. Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc. (9th Cir. 1988) 857 F.2d 600, 602; Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988); SEC v. Razmilovic, 738 F.3d 14, 26-27 (2nd Cir. 2013) (entering default judgment); Universal Health Group v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013) (dismissal of complaint for repeated violation of discovery orders). Additionally, the Court may impose monetary sanctions, in addition to other sanctions, for failing to comply with a discovery order and related misuse. FRCP 37(b)(2)(C).

Even without a prior discovery order (required for sanctions under certain provisions of Rule 37), discovery misconduct can be punished under the court's "inherent powers" to manage its affairs. Unigard Security Ins. Co. v. Lakewood Eng.& Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (sanctions for suppression of evidence); Residential Funding Corp. v. DeGeorge Fin'l Corp., 306 F.3d 99, 106-107 (2nd Cir. 2002); Projects Mgmt. Co. v. Dyncorp Int'l LLC, 734 F.3d 366, 374 (4th Cir. 2013) (dismissal due to abuse of discovery process).

**A. Terminating Sanctions Are Appropriate**

Dispositive or terminating sanctions are warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007). There are five

factors for the court to consider: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Toth, 862 F.2d at 1385 (9th Cir. 1988). When the violation of a court order serves as the basis for a terminating sanction request, factors (1) and (2) generally support the imposition of such sanctions and factor (4) cuts against them, and thus, factors (3) and (5) are the critical factors to consider. Valley Eng'rs, Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998); Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir.1993); Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. March 18, 2014)

As set above, Defendant has disobeyed the Court's Order, has submitted false discovery responses regarding its Hey Dude shoes sales (including relating to Amazon its continued operations on Amazon through another storefront name (Back Alley Apparel)), and has failed to supplement its discovery responses to provide correct and responsive information as required under FRCP 26(e). Additionally, and as set forth below, Defendant has spoliated the critical Hey Dude sales information. Such conduct constitutes intentional discovery misuse, bad faith, and delay.

The Court has already found that this data regarding the Amazon sales relates directly to both the Complaint and Defendant's Cross-Claims including that Defendant was unable to sell the Hey Dude shoes on Amazon due to the alleged misconduct of Plaintiff. Such evidence is also directly relevant to Plaintiff's defenses to these Cross-Claims, including that any damages Defendant suffered were not the result of its inability to sell on Amazon. The Amazon data, including what shoes were sold (quantity, model and price) and what shoes were advertised for sale, are at the heart of Defendant's Cross-Claims; yet, Defendant has either intentionally failed to maintain such information or is lying in attempts to avoid producing such information. Both scenarios warrant the imposition of terminating sanctions upon Defendant.

In determining what sanctions are appropriate, it is important for this Court to consider that Defendant's actions were taken deliberately, and that Defendant knew its conduct was wrongful. Defendant knew that it was obligated to preserve and produce the Amazon documents. Defendants resorted to egregious misconduct to conceal its actions, including the submission of false sworn statements and changing its storefront name on Amazon.

Under the 9th Circuit factors, terminating sanctions for Defendant Top10's countercomplaint are appropriate. While the first factor (public policy favoring disposition of cases on the merits) normally weighs in favor of no dismissal of the complaint/countercomplaint, this public policy is not furthered by litigants, like Defendant, who lie about what documents exist, and fail to preserve and provide critical evidence, needed for the preparation of a defense against Defendant's claims. See In re PPA, 460 F.3d at 1228; cf. also Meeks v. Wells Fargo Bank, 2014 WL 295171, *2 (E.D.Cal. Jan. 27, 2014) ("Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility. [T]herefore ... this action [will] be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders."); Bratton v. Ontario Police Dep't, 2013 WL 6798003, *3 (C.D.Cal. Dec. 17, 2013) ("By failing to inform the Court of her current address, to file a First Amended Complaint, and to respond to the ... OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.").

The second factor (the court's need to manage its docket) also weighs in favor of dismissal of Defendant's countercomplaint. Defendant's conduct has necessitated unnecessary delay, is hindering Plaintiff LYB's ability to obtain and timely complete discovery and has caused the Court to expend unnecessary time and resources addressing Defendant's discovery misuse and bad faith. The continued misconduct has

resulted in delays of the litigation since ***Plaintiff is still seeking to obtain full responses to discovery it propounded in May 2020*** (and to which Defendant has now served ***four*** different iterations of responses).

The third factor, risk of prejudice to Plaintiff LYB, weighs heavily in favor of dismissal of Defendant Top10's countercomplaint. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990). "Failure to produce documents as ordered is considered sufficient prejudice." Id. "The law also presumes prejudice from unreasonable delay." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir.2006); Sanchez, 298 F.R.D. at 473. Plaintiff LYB has been trying to get the Hey Dude sales information for nearly a year and the Court has found that LYB is entitled to such information and documents. Defendant Top10's discovery misuse relating to its supplemental discovery responses, its delay, its spoliation (as set forth below) have made it virtually impossible for Plaintiff LYB to defend against Defendant's FAAC as the key evidence is the information of Defendant's sales of Hey Dude shoes on Amazon. Thus, Plaintiff has been significantly prejudiced.

While the fourth factor generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants that ignore a court order, who refuse to provide or spoliate critical discovery and who engage in a cover-up, which hinders preparation of a defense on the merits. Defendant cannot legitimately expect this case to proceed to a merits disposition if it refuses to provide Plaintiff LYB with the most critical evidence in this case – the Hey Dude sales information. See In re PPA, 460 F.3d at 1228 (the fourth factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction") (citation omitted)).

Finally, the fifth factor (the availability of lesser sanctions) also weighs in favor of dismissal of the countercomplaint. Defendant's discovery conduct shows a flagrant

disregard of its discovery obligations and the Court's Order. Defendant has gone out of its way to prevent Plaintiff from prosecuting its breach of contract claim and from preparing a defense to the FAAC. Under these circumstances, the availability of lesser sanctions does not mean terminating sanctions should not be imposed. See Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1170–71 (9th Cir. 2012) (affirming discovery sanction striking defendant's answer - the fact that a court does not first impose a lesser sanction is not dispositive and "is just one factor"; when a court finds willful disobedience of court orders, it can reasonably conclude that lesser sanctions would be pointless; and it is appropriate for a court to reject lesser sanctions when it anticipates further misconduct); In re PPA, 460 F.3d at 1229 ("explicit discussion of alternatives is not necessary for a dismissal order to be upheld") (citations omitted).

The Court should therefore sanction Defendant Top10 by dismissing the FAAC in its entirety.

**B. Evidentiary Sanctions Are Appropriate**

In addition to, or separate from, a terminating sanction, an evidentiary sanction is proper and should be imposed as well. Defendant Top10's conduct relating to the Hey Dude sales discovery and the Court's Order is plain discovery misuse and bad faith. Thus, the Court should also impose an evidentiary sanction where Defendant Top 10 is prohibited from arguing or presenting evidence regarding its activity on Amazon, Walmart, or any other marketplace for which Defendant has failed to produce documents. Further, Defendant should be barred from presenting any evidence or argument relating to the activity of Plaintiff or any vendor of Hey Dude shoes on Amazon, Walmart or any other marketplace for which Defendant has failed to produce documents.

**C. Monetary Sanctions Are Appropriate**

In addition to a terminating sanction and/or an evidentiary sanction, a monetary sanction is proper and should be imposed as well. See FRCP 37(b)(2)(C) (monetary sanction can be imposed in addition to any other sanction). Defendant Top10's conduct

relating to the Hey Dude sales discovery and the Court's Order is bad faith and abuse of the Federal Rules. Plaintiff LYB was forced to expend attorneys' fees and costs to obtain information that the Court has already ordered Defendant Top10 to provide. Plaintiff LYB has expended $9,002.00 in attorneys' fees in researching, preparing, drafting, and filing this ex parte application. [Walters Dec. ¶ 13.] It will also incur additional attorneys' fees to argue the ex parte or further respond to Defendant Top 10's opposition or as otherwise required by the Court. Thus, the Court should also impose these monetary sanctions against Defendant Top 10.

## V. DEFENDANT HAS SPOLIATED CRITICAL HEY DUDE SHOE SALE EVIDENCE – SANCTIONS ARE APPROPRIATE

### A. Defendant Spoliated Hey Dude Sales Information

Each party has "a duty to preserve evidence before litigation begins and even before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in the offing." Biselli v. Cnty. of Ventura, 2012 WL 2061688, at *2 (C.D. Cal. Jun. 4, 2012); In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006); CTC Global Corp v. Huang, 2019 WL 6357271, at *2 (C.D. Cal. July 3, 2019) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation."); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.' " (citation omitted)). Once the duty to preserve attaches, a litigant or potential litigant "is required to suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation" and courts may sanction parties responsible for spoliation of evidence. In re Napster, Inc., 462 F. Supp. 2d at 1066, 1070; Biselli, 2012 WL 2061688, at *2.

Here, as early as July 10, 2019, and certainly by August 15, 2019 when Plaintiff filed its complaint, Defendant Top10 knew that its Hey Dude sales and related information (on Amazon or any other platform) were going to be the subject of litigation. Indeed, the complaint and the FAAC specifically refer to Hey Dude shoe sales regarding each parties' claims relating to alleged violations of the MAP Agreement that is at the heart of this litigation. [Dkt. 1, ¶¶ 6-15.] Accordingly, from at least August 2019, Defendant Top10 had an affirmative duty to preserve all evidence relating to Hey Dude shoe orders and sales. The discovery at issue was served in May 2020, yet Defendant closed accounts and failed to preserve evidence in July 2020/March 2021. This constitutes spoliation of evidence.

Specifically, and as set forth above, Defendant's February 8, 2021 Second Supplemental Responses to Special Interrogatory Nos. 10-12 stated that Defendant no longer had access to any responsive information because it "no longer sells products on Amazon or Wal-Mart and has been denied access to both the Amazon and Wal-Mart retail client portals" including the Amazon and Walmart sales reports it previously received, and because it "closed its accounts with Amazon and Yahoo[, and] Zentail, which was Responding Party's inventory management system." [Walters Dec. ¶ 5, Exh. B.]. However, in its March 12, 2021 Third Supplemental Responses – again, provided after Plaintiff provided proof on February 10, 2021 that Defendant was still selling Hey Dude shoes on Amazon – Defendant added the following: "Responding Party terminated its Amazon agreement on or around March 8, 2021. Responding Party terminated its Walmart agreement in or around July 2020." And, as a result, Defendant claimed that it is not in possession of the requested information. [Walters Dec. ¶ 8, Exh. D.]. ***Two months after this Court ordered Defendant to produce documents relating to Amazon, Defendant failed to preserve and retain such documents.***

Putting aside for the moment that Defendant lied in both its verified Second and Third Supplemental Responses regarding its Amazon sales and the fact that it nonetheless continued selling under a different Amazon storefront, Back Alley Apparel

(Section II above; Walters Dec. ¶ 10, Exh. G), Defendant's supplemental responses admit that it failed to preserve its Hey Dude sales on the Amazon and Walmart platforms by ending those agreements/accounts and not preserving all information up to that point, and by shutting down its Zentail account and not preserving the related Hey Dude sale and inventory information from that Zentail account. This information is critical to Plaintiff's LYB's ability to present its evidence and arguments in this matter (including defenses to Sacred Hoop's FACC). Plaintiff needs such Hey Dude sales information to show that Defendant breached the MAP agreement by making sales in violation of MAP Agreement pricing and on unauthorized platforms. Defendant's spoliation impairs Plaintiff's ability to present at trial. This spoliation in conjunction with Defendant's lying in its supplemental responses, still making sales under another Amazon storefront (Back Alley Apparel), and Defendant's failure to supplement its responses and disclosures as required under FRCP 26(e), is evidence of Defendant's intentional bad faith and failure to comply with the Court's Order.

**B. Spoliation Sanctions Are Proper – Terminating, Evidentiary, and Monetary.**

"The Court's authority to sanction a party for despoiling evidence derives from two sources: 'the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery.'" Columbia Pictures, Inc. v. Bunnell, 2007 WL 4877701 at *5 (C.D. Cal. Dec. 13, 2007) (quoting Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006)). Thus, the whole panoply of sanctions under FRCP 37(b)(2)(A)(i)-(vii) are available, along with monetary sanctions. Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc., 264 F.R.D. 517, 530 (N.D. Cal. 2009) ("Pursuant to the court's inherent power to impose sanctions, the court grants monetary sanctions against Real for failing to preserve evidence in relation to this litigation [...] [a] n award of attorneys' fees and related costs is granted to defendants…."); Kopitar v. Nationwide Mut. Ins. Co., 266 F.R.D. 493, 501 (E.D. Cal.

2010). As already addressed above (which Plaintiff incorporates here), terminating, evidentiary, and monetary sanctions are proper for Defendant's discovery misuse, bad faith, and failure to comply with the Court's Order – the same applies to Defendant's spoliation of the critical Hey Dude sales information.

## VI. IF THE COURT IS NOT INCLINED TO PRESENTLY ISSUE SANCTIONS, A 120-DAY CONTINUANCE OF THE JULY 6, 2021 DISCOVERY CUT-OFF (FOR PLAINTIFF LYB ONLY) AND THE RELATED TRIAL DATES, AND AN EXPEDITED BRIEFING AND HEARING SCHEDULE FOR PLAINTIFF'S MOTION FOR SANCTIONS IS APPROPRIATE.

If the Court is not inclined to issue sanctions pursuant to this ex parte application, given the facts and evidence that Plaintiff has provided regarding Defendant Top10's discovery misuse, bad faith, non-compliance with the Court's Order, and evidence spoliation, Plaintiff requests that the Court: (a) continue the July 6, 2021 discovery cut-off 120 days (for Plaintiff only) and the related pending trial dates, and (b) set an expedited briefing and hearing schedule for Plaintiff LYB's motion for sanctions.

## VII. CONCLUSION

Plaintiff LYB has established that Defendant Top10 has violated the Court's Order and engaged in discovery misuse, bad faith, and has spoliated critical evidence, and given all circumstances emergency ex parte relief is justified. The Court should impose the requested terminating, evidentiary, and/or monetary sanctions.

DATED: April 2, 2021

**WALTERS LAW GROUP**

*/s/ Christopher L. Walters, Esq.*
Christopher L. Walters, Esq.

*Attorneys for Plaintiff/Counter-Defendant Lever Your Business, Inc.*