O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVER YOUR BUSINESS, INC., <br><br>　　　　Plaintiff and Counter Defendant, <br><br>　　　　v. <br><br>SACRED HOOPS AND HARDWOOD, INC., <br><br>　　　　Defendant and Counter Claimant. | Case No. EDCV 19-1530-CAS (KKx) <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR SANCTIONS [DKT. 56] |

**I.**

**INTRODUCTION**

On April 2, 2021, Plaintiff and Counter Defendant Lever Your Business ("LYB") filed an Ex Parte Application for Sanctions against Defendant and Counter Claimant Sacred Hoops and Hardwood, Inc. doing business as Top 10 Sports ("Top 10") seeking terminating, evidentiary, and monetary sanctions for Top 10's alleged discovery abuses ("Application"). ECF Docket No. ("Dkt.") 56. For the reasons discussed below, the Court GRANTS LYB's request for monetary sanctions and DENIES without prejudice LYB's request for evidentiary and terminating sanctions.

///

///

///

## II.

## **BACKGROUND**

LYB is a California corporation and distributor of "Italian based clothing, accessory, and life-style brands to companies (sellers) throughout the United States," including Hey Dude brand shoes. Dkt. 1, Compl., ¶ 6. Top 10 is a South Dakota corporation and seller of shoes and accessories, including Hey Dude shoes, to consumers via its own website and an Amazon website. Id., ¶¶ 2-3; dkt. 13 at 3.

On August 15, 2019, LYB filed the Complaint in this action. Dkt. 1. The sole remaining claim in the Complaint is for breach of contract alleging Top 10 breached the Minimum Advertising Pricing Policy ("MAP Agreement") entered into by the parties in February 2017 by selling Hey Dude products at unauthorized prices and on unauthorized websites. See dkt. 23.

On March 20, 2020, Top 10 filed its operative First Amended Answer and Countercomplaint ("FAAC"). Dkt. 32. The remaining counterclaims are for breach of implied contract and breach of the implied covenant of good faith and fair dealing based on LYB's alleged failure to enforce the MAP Agreement against Top 10's competitors. See dkts. 32, 41.

On April 13, 2020, the Court held a Scheduling Conference and issued an Order setting the discovery cut-off for May 3, 2021 and a jury trial for November 3, 2021. Dkt. 37.

On May 15, 2020, LYB served Top 10 with Requests for Admissions (Set One), Special Interrogatories (Set One), and Requests for Production (Set One) (collectively, the "Discovery Requests"). Dkt. 56-1, Declaration of Christopher L. Walters in Support of Ex Parte Application ("Walters Decl."), ¶ 4.

On June 12, 2020, LYB filed an Answer to the FAAC. Dkt 43.

On July 8, 2020, Top 10 served its Responses to the Discovery Requests. Dkt. 50-1 at 203-06, Declaration of Christopher L. Walters in Support of Motion to Compel ("Walters MTC Decl."), ¶ 7, Ex. F.

On July 30, 2020, Top 10 served its Supplemental Responses to the Discovery Requests. Walters MTC Decl., ¶ 10, Ex. H.

On November 24, 2020, LYB filed a Motion to Compel further responses to the Discovery Requests. Dkt. 50.

On January 25, 2021, the Court granted in part and denied in part LYB's Motion to Compel requiring that no later than February 8, 2021, Top 10 shall serve supplemental responses to certain Discovery Requests, including information regarding all sales postings and data related to Top 10's sale of Hey Dude shoes on the Amazon website. Dkt. 53.

On February 8, 2021, Top 10 served Second Supplemental Responses to Plaintiff's Special Interrogatories and Requests for Production. Walters Decl., ¶ 5, Exs. B, E. In its verified response to Interrogatory Nos. 10 and 12, Top 10 states, "Responding Party no longer sells products on Amazon or Wal-Mart and has been denied access to both the Amazon and Wal-Mart retail client portals. As a result Responding Party is not in possession of any additional information . . . ." Id., Ex. B. In its verified response to Interrogatory No. 11, Top 10 states, "Responding Party closed its accounts with Amazon and Yahoo. Furthermore, Responding Party closed its account with Zentail, which was Responding Party's inventory management system." Id. Top 10's co-founder and director of operations, Cody Bertram, however, admits that on February 8, 2021, the Amazon account was not actually closed, but rather in "sleep mode." Dkt. 61, Declaration of Cody Bertram ("Bertram Decl."), ¶ 7.

On February 10, 2021, LYB's counsel sent Top 10's counsel an email explaining that he believed Top 10 still maintained Hey Dude shoe listings on the Amazon website based on screen shots he took of the website. Walters Decl., ¶ 6, Ex. C. Top 10's counsel responded by email stating she "do[es] not believe [Top 10] has any duty not to sell its remaining Hey Dude Shoes on Amazon." Id., ¶ 7, Ex. F.

On March 12, 2021, Top 10 served Third Supplemental Responses to Special Interrogatories. Id., ¶ 8, Ex. D. In response to Interrogatory Nos. 10-12, Top 10 states, "Responding Party is no longer selling Hey Dude Shoes on either Amazon or Walmart. Responding Party terminated its Amazon agreement on or around March 8, 2021. . . . As a result, Responding Party is not in possession of any additional information . . . ." Id.

On April 2, 2021, LYB filed the instant Application seeking terminating, evidentiary, and monetary sanctions for Top 10's alleged failure to comply with the Court's January 25, 2021 Order and destruction of evidence. Dkt. 56. On April 20, 2021, Top 10 filed an Opposition.[1] Dkt. 58. On April 27, 2021, LYB filed a Reply. Dkt. 62.

The matter is thus submitted and ready for decision.

## III.

## DISCUSSION

### A. LYB HAS NOT ESTABLISHED TOP 10 DESTROYED MATERIAL EVIDENCE

#### 1. Applicable Law

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009); Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (Spoliation "refers to the destruction

---

[1] Top 10 also filed Objections to paragraphs 6, 7, and 9-12 of the declaration of LYB's counsel filed in support of the Application on the grounds of lack of foundation. Dkt. 60. To the extent LYB is relying on screenshots of Amazon website pages attached to LYB's counsel's declaration to prove Top 10's Amazon account was still active or that Top 10 failed to produce data, information, and documents regarding all of its online sales of Hey Dude shoes, Top 10's objections are SUSTAINED. However, LYB appears to correct this issue through the declaration of Oscar Daniel Ramirez filed in support of LYB's Reply because Mr. Ramirez's job duties as a consultant assisting with Hey Dude shoe sales managing the Amazon.com Seller Central store and advising on Amazon-related issues provides foundation for his statements regarding how Amazon seller websites work. See dkt. 62-1. Moreover, Top 10 has not objected to Mr. Ramirez's declaration.

4

or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."). "Sanctions that a federal court may impose for spoliation include assessing attorney's fees and costs, giving the jury an adverse inference instruction, precluding evidence, or imposing the harsh, case-dispositive sanctions of dismissal or judgment." Montoya v. Orange Cnty. Sheriff's Dep't, No. SACV 11-1922-JGB, 2013 WL 6705992, at *4 (C.D. Cal. Dec. 18, 2013) (citing Apple Inc. v. Samsung Elecs. Co., Ltd., 881 F.Supp.2d 1132, 1135 (N.D. Cal. 2012); In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1065 (N.D. Cal. 2006)).

**2. Analysis**

Here, LYB argues Top 10 destroyed the documents and data regarding Top 10's Amazon website activity. Dkt. 62. However, it appears the information may still be available directly from Amazon or from Top 10.

First, while Top 10 states it terminated its agreement with Amazon on March 8, 2021 and claims it no longer has access to its Amazon data, there is nothing in the record regarding whether either party has sought the information directly from Amazon. Second, LYB also argues Top 10 has not actually closed its Amazon account, but merely changed the name of its storefront from Top 10 to Back Alley Apparel. LYB supports this argument with the declaration of Oscar Daniel Ramirez, a consultant whose job duties include "management of the Amazon.com Seller Central store and advising on Amazon-related issues." Dkt. 62-1, Declaration of Oscar Daniel Ramirez ("Ramirez Decl."), ¶ 2. Mr. Ramirez states, "It is impossible to have a different stores['] information on your seller profile page unless there is a connection in Amazon's back-end system." Id., ¶ 8. Mr. Ramirez, therefore, concludes "Back Alley Apparel" is the same store as "Top 10 Sports." Id. In addition, Mr. Ramirez explains, "even if a seller was to update their store name, Employer Identification Number (EIN) and entity details, the sales history, account health/notifications, buyer messages, A-Z claims, chargebacks, order history,

5

marketing campaigns, inventory history and historical listings (unless manually deleted) would still show up in the account." Id.

Therefore, based on the information before the Court, it appears the Amazon sales information is still available directly from Amazon through subpoena and/or from Top 10. Hence, without more information, the Court is unable to conclude any spoliation occurred.

**B.  TOP 10 ENGAGED IN DISCOVERY MISCONDUCT AND VIOLATED THE COURT'S JANUARY 25, 2021 ORDER**

While the Court cannot conclude Top 10 destroyed material evidence, it is clear that Top 10 engaged in discovery misconduct and violated this Court's January 25, 2021 Order.

On January 25, 2021, the Court ordered Top 10 to provide further discovery responses regarding its Hey Dude shoe sales, including information relating to Amazon sales. Dkt. 53. Subsequently, on February 8, 2021, Top 10 served Second Supplemental Interrogatory Responses stating no additional information exists because it had "closed" its Amazon account. Walters Decl., Ex. B. On March 12, 2021, Top 10 served Third Supplemental Interrogatory Responses stating Top 10 "terminated" its Amazon account on March 8, 2021. Id., Ex. D. Mr. Bertram now attempts to explain the apparent discrepancy in the February 8, 2021 and March 12, 2021 responses by stating the Amazon account was in "sleep" mode on February 8, 2021[2] and not "terminated" until March 8, 2021. Bertram Decl., ¶ 6.

The Court is not pleased with Top 10's deliberate attempt to avoid compliance with the Court's January 25, 2021 Order. Rather than produce the documents and data as ordered, Top 10 apparently closed its Amazon account instead. Notably, Mr. Ramirez explains "[a] seller is able to conduct an order report download prior to

---

[2] Notably missing from Mr. Bertram's declaration is any mention of when the Amazon account was put in "sleep" mode– i.e. whether it was before or after the Discovery Requests were served or the Court's January 25, 2021 Order.

closing the account. This permits the seller to have data regarding sales, which is useful for business planning purposes and also permits an accurate accounting (including returns)." Ramirez Decl., ¶ 13. Therefore, regardless of when Top 10 put its Amazon account in "sleep" mode or closed the account, Top 10's failure to conduct an "order report download" prior to terminating its account is a flagrant violation of the Court's January 25, 2021 Order. Moreover, Mr. Ramirez also states he has never heard of "sleep" mode, but rather "vacation" mode which allows a Seller account to remain open yet dormant. Id., ¶ 12. Top 10's supplemental discovery responses, therefore, are also misleading and untruthful.

Accordingly, the Court finds Top 10 intentionally engaged in discovery misconduct and willfully violated the Court's January 25, 2021 Order.

## C. LYB'S REQUEST FOR TERMINATING SANCTIONS IS DENIED WITHOUT PREJUDICE

### 1. Relevant Law

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure authorizes the sanction of dismissal against parties who disobey a court's discovery orders. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981). To justify the imposition of case-dispositive sanctions, the Court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party." Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815 (1996) (citations and internal quotations omitted); see also Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958). Disobedient conduct not outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault. Henry v. Gill Indus., Inc., 983 F.2d 943, 948-49 (9th Cir. 1993). In evaluating the propriety of sanctions, the Court considers "all incidents of a party's misconduct." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991) (citation omitted).

7

Courts apply a five-part test to determine whether a case-dispositive sanction is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The subparts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow.

Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citations omitted) (affirming default judgment against defendants after "years of evasion of discovery obligations"). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

**2. Analysis**

LYB seeks to have Top 10's FAAC dismissed as a sanction for disobeying the Court's January 25, 2021 Order. While it is clear Top 10 blatantly violated the Court's January 25, 2021 Order, Top 10 has not wholly failed to cooperate in discovery, nor does it appear LYB has made any effort to obtain the information directly from Amazon. Further, the Court has not had an opportunity to determine whether less drastic sanctions such as monetary sanctions would be effective. It is therefore unclear whether LYB will be irreparably prejudiced or whether less drastic sanctions may yet be effective. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (finding a defendant's repeated failure to respond to discovery may prejudice a

plaintiff because it makes it "impossible for [p]laintiff to adequately prepare itself for trial"); Wanderer, 910 F.2d at 656 (affirming default judgment against defendants where defendants' failure to appear at depositions, compounded by "repeated noncompliance with court orders to produce documents," prejudiced "plaintiffs' ability to prove the claims and to obtain a decision in the case"). Thus, at this stage of the case, application of the above factors weighs against terminating sanctions.

Accordingly, LYB's request for terminating sanctions is DENIED without prejudice.

### D.  LYB'S REQUEST FOR EVIDENTIARY SANCTIONS IS DENIED WITHOUT PREJUDICE

#### 1.  Relevant Law

When a party fails to obey an order to provide or permit discovery, Federal Rule of Civil Procedure 37(b)(2)(A)(I) permits courts to issue an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." FED. R. CIV. P. 37(b)(2)(A)(I).

#### 2.  LYB's Requests

LYB seeks an order prohibiting Top 10 from

> arguing or presenting evidence regarding its activity on Amazon, Walmart, or any other marketplace for which [Top 10] has failed to produce documents. Further, [Top 10] should be barred from presenting any evidence or argument relating to the activity of [LYB] or any vendor of Hey Dude shoes on Amazon, Walmart, or any other marketplace for which [Top 10] has failed to produce documents.

Dkt. 56 at 27.

#### 3.  Analysis

Here, the evidentiary sanctions requested are tantamount to terminating sanctions that the Court does not find warranted at this stage. Therefore, and for the reasons set forth above in section III.C., Plaintiff's request for evidentiary sanctions is

9

DENIED without prejudice. In addition, as detailed below in section III.F., the Court will grant LYB an extension of the discovery cut off to conduct any further discovery, thus minimizing any potential prejudice.

**E. LYB'S REQUEST FOR MONETARY SANCTIONS IS GRANTED**

**1. Relevant Law**

When a party fails to obey an order to provide or permit discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

When an award of attorney's fees is authorized, a court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

In addition, under its "inherent powers," a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (discussing a sanction against an attorney) (citation omitted). Before awarding such sanctions, the court must make an express finding that the sanctioned party's behavior "constituted or was tantamount to bad faith." Id. (citation omitted). A party "demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Id. at 649

10

(internal quotation marks and citation omitted). The bad faith requirement ensures that the district court's exercise of its broad power is properly restrained, and "preserves a balance between protecting the court's integrity and encouraging meritorious arguments." Id.

**2. Analysis**

Here, Top 10's discovery conduct, discussed above in Section III.B, particularly the blatant disregard of the Court's January 25, 2021 Order, was not substantially justified and there are no circumstances making an award of expenses unjust. See FED. R. CIV. P. 37(b)(2)(C). Hence, pursuant to Rule 37(b)(2)(C) and the Court's inherent authority, the Court finds an award to LYB of the reasonable expenses resulting from Top 10's discovery misconduct is warranted.

LYB seeks an award of $15,642 in attorneys' fees incurred in researching, preparing, drafting, and filing the Application. Walters Decl., ¶13; dkt. 62-2, Walter's Supplemental Declaration in Support of Reply ("Walters Suppl. Decl."), ¶ 4. In support of this request, LYB has submitted Mr. Walters' declarations, which establish (1) Attorney Brandon T. Willenberg, an attorney with 20 years of business/commercial litigation experience, spent 9.8 hours (at a rate of $415 per hour) researching and drafting the Application and supporting papers; (2) Mr. Walters, an attorney with 22 years of business/commercial litigation experience, spent 7.9 hours (at a rate of $450 per hour) reviewing and revising the Application and supporting papers and 13.2 hours analyzing Top 10's Opposition and preparing the Reply brief; and (3) Dominic Giovanniello, a paralegal with 15 years of litigation experience, spent 6.9 hours (at a rate of $200 per hour) in preparing exhibits and filing the Application and 3.5 hours finalizing and filing the Reply brief. Id.; see also Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993) ("[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are 'sufficiently detailed to enable the court to consider all the factors necessary in setting the fees.'"). Top 10 does not object to these portions of Mr. Walters' declaration. See dkt. 60. In addition, the

Court finds both the hours spent preparing the Application and Reply as well as the hourly rate to be reasonable. See Leon v. IDX Sys. Corp., 464 F.3d 951 (9th Cir. 2006) (affirming award of $65,000 as monetary sanctions where sanctioned party's conduct amounted to willful spoliation and bad faith and the amount was reasonable to cover moving parties' attorney fees); Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 315 (C.D. Cal. 2020) (awarding $38,932 in reasonable attorneys' fees that defendant "needlessly incurred as a result of [plaintiff's] discovery abuses").

Accordingly, LYB's request for payment of its reasonable expenses is GRANTED. Top 10 and Top 10's counsel, jointly and severally, shall pay to LYB the sum of $15,642, which represents the reasonable expenses incurred by LYB in bringing this Application.

### F. LYB'S REQUEST TO CONTINUE TRIAL AND ALL PRETRIAL DATES AND DEADLINES IS GRANTED IN PART

Finally, LYB requests the Court continue the July 6, 2021 discovery cut-off for LYB and all related pending trial dates for 120 days. Dkt. 56 at 31. It appears LYB may need to subpoena Amazon and/or Walmart to obtain additional discovery regarding Hey Dude shoes sales and then take appropriate depositions regarding the additional discovery. See dkt. 56 at 12. The Court finds good cause for a 60-day extension of the discovery cut-off for LYB and therefore continues the discovery cut-off for LYB only to September 6, 2021. The Court, however, declines continue the pending trial and pretrial dates at this time.

## IV.

## ORDER

IT IS THEREFORE ORDERED LYB's Application is GRANTED IN PART and DENIED IN PART as follows:

1. LYB's requests for terminating and evidentiary sanctions are DENIED without prejudice.

2. LYB's request for monetary sanctions is GRANTED. **Within thirty days of the date of this Order**, Top 10 and its counsel, jointly and severally, shall pay to LYB the sum of $15,642.
3. LYB's request to continue the discovery cut-off, trial, and pre-trial dates for 120 days is GRANTED IN PART. The discovery cut-off shall be continued, for LYB only, to September 6, 2021.

Dated: May 24, 2021

*Christina A. Snyder*

HONORABLE CHRISTINA A. SNYDER
United States District Judge